COPY

1  CHRISTOPHER VAN GUNDY (SBN 152359)
   cvangundy@roll.com
2  MICHAEL M. VASSEGHI (SBN 210737)
   mvasseghi@roll.com
3  ROLL LAW GROUP PC
   11444 West Olympic Boulevard
4  Los Angeles, California 90064-1557
   Telephone:  (310) 966-8400
5  Facsimile:  (310) 966-8810

6  Attorneys for
   POMWONDERFUL LLC

7

8

9

```
FILED
CLERK. U.S. DISTRICT COURT

SEP. 19 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY
```

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| 10 | |
| 11 POMWONDERFUL LLC, a Delaware limited liability company, | Case No. CV 13-06917-PLA |
| 12 | **COMPLAINT FOR:** |
| | Plaintiff, | **FEDERAL TRADEMARK** |
| 13 | **INFRINGEMENT; VIOLATION OF** |
| | vs. | **THE LANHAM ACT § 43(A);** |
| 14 | **UNFAIR COMPETITION UNDER** |
| | PUR BEVERAGES LLC, a | **CALIFORNIA BUSINESS &** |
| 15 | Pennsylvania limited liability company, | **PROFESSIONS CODE § 17200 ET** |
| | and DOES 1 through 10, inclusive, | **SEQ.; CALIFORNIA COMMON** |
| 16 | **LAW UNFAIR COMPETITION.** |
| | Defendants. | |
| 17 | **DEMAND FOR TRIAL BY JURY** |

18

19

20

21

22

23

24

25

26

27

28

{076175.1}

COMPLAINT

Plaintiff POMWonderful LLC hereby alleges as follows:

## PARTIES

1.      Plaintiff POMWonderful LLC ("POM") is a Delaware limited liability company with its principal place of business located at 11444 West Olympic Boulevard in Los Angeles, California 90064.  POM produces, markets, sells and distributes pomegranate and pomegranate based products worldwide in connection with its highly distinctive POM® Brand including, but not limited to, fresh fruit, fresh and freeze dried pomegranate arils (seeds), juices, teas, and dietary supplements.

2.      POM is informed and thereon believes that Defendant Pur Beverages LLC ("PUR" or "Defendants") is located at 1432 Old Mill Road in Wyomissing, Pennsylvania 19610.  POM is informed and believes that PUR is involved in the manufacture and sale of an energy drink called "PUR POM".

3.      POM is not aware of the true names and capacities of the Defendants identified herein as Does 1 through 10, inclusive, and therefore fictitiously names said Defendants.  POM will amend this Complaint to allege the true names and capacities of these fictitiously named Defendants when their identities are ascertained.

4.      POM is informed and believes, and based thereon alleges, that Defendant PUR and each of the fictitiously named Doe Defendants (collectively, "Defendants") were in some manner responsible for the acts alleged herein and the harm, losses and damages suffered by POM as alleged hereinafter.  POM is also informed and believes, and based thereon alleges, that while participating in such acts, each Defendant was the agent, principal, and/or alter ego of the other Defendants, and was acting in the course and scope of such agency and/or acted with the permission, consent, authorization or ratification of the other Defendants.

5.      As described further below, POM is informed and believes, and based thereon alleges, that Defendants conduct business and distribute their products in

1  California, within this Court's jurisdiction in Southern California and in the greater
2  Los Angeles area.

## JURISDICTION AND VENUE

4       6.     This action arises, in part, under the Lanham Act, as amended, 15
5  U.S.C. §§ 1114 and 1125, California Business and Professions Code § 17200 et
6  seq., and California common law.  This Court has subject matter jurisdiction over
7  this action pursuant to 15 U.S.C. § 1121 (trademark infringement claims under the
8  Lanham Act); 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (original
9  jurisdiction of trademark claims and unfair competition claims related to same) and
10  28 U.S.C. § 1367 (supplemental jurisdiction).

11       7.     POM is informed and believes, and based thereon alleges, that venue is
12  proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1391 (c) because a
13  substantial part of the events giving rise to the claims occurred in this District.
14  Additionally, POM is informed and believes, and based thereon alleges, that the
15  Court has personal jurisdiction over Defendants because Defendants conduct their
16  ordinary business activities in this District, have focused a portion of their unlawful
17  conduct in Los Angeles County within this District, have distributed, and sought to
18  distribute, infringing products in this District, and generally engage in business in
19  this District and the greater Los Angeles area.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

**I.**    **THE POM® BRAND**

22       8.     POM began producing, selling and marketing its pomegranate products
23  in 2001.

24       9.     Since 2001, POM has marketed its products in interstate commerce in
25  connection with a family of highly distinctive trademarks which is comprised of, or
26  includes, the term POM (collectively, the "POM® Brand").

27       10.    The POM® Brand has been used in connection with fresh fruit since
28  2001, with beverages since 2002, and with concentrated juice extract and related

{076175.1}

1 products since 2009.  Attached as Exhibit A are examples of the products POM has
2 sold in connection with its POM® Brand.

3      11.    POM has invested millions of dollars in the creation, development,
4 production, marketing and sales of the POM® Brand and its products.  The POM®
5 Brand of juice has become the bestselling brand of pomegranate juice in the United
6 States, having sold over 150 million bottles since 2002.

7      12.    The POM® Brand is a unique food and beverages brand whose name is
8 associated with integrity, quality, purity of taste and naturalness of its products.

9 **II.    THE POM® BRAND INTELLECTUAL PROPERTY**

10      13.    POM owns numerous trademark registrations and pending applications
11 in the United States and around the world for the trademarks it uses in connection
12 with the marketing, distribution and sale of its POM® Brand products in interstate
13 commerce.  The POM® Brand trademarks are used in connection with various
14 goods including, but not limited to, fresh pomegranate fruit, fresh and freeze-dried
15 arils (pomegranate seeds), pomegranate juice as well as products which contain fruit
16 juice or fruit juice extracts such as teas and dietary supplements.

17      14.    POM has numerous trademarks registered with the United States Patent
18 and Trademark Office.  The POM registered trademarks include, but are not limited
19 to: POM (Reg. Nos. 2637053); POM & Design (Reg. No. 3047447); POM
20 WONDERFUL (Reg. Nos. 2640835 and 3687491);  POM WONDERFUL &
21 Design (Reg. Nos. 2864641, 2780314 and 3687492); POM TEA (Reg. No.
22 3411595); LIGHT POM TEA (Reg. No. 3391707);  LIGHT POM TEA & Design
23 (Reg. No. 3411596); POM IN A PILL (Reg. No. 3337435); POM IN A PILL &
24 Design (Reg. No. 3332875); POM POWER (Reg. No. 2944481); POMx (Reg. Nos.
25 3562516 and 3674405); POMx & Design (Reg. No. 3562517 and 3791124); POMx
26 SHOTS (Reg. No. 3667882); POMX SHOTS (Reg. No. 3667882); POWERED BY
27 POMx (Reg. No. 3208934); and POMEGRANATE & Design (Reg. No. 3436526)
28 (collectively, the "POM Marks").

15. POM's registrations are valid and subsisting, and POM owns all right, title and interest to the POM Marks. Registration Nos. 2637053, 2640835, 2780314, 2864641 and 3047447 are incontestable pursuant to 15 U.S.C. Section 1065. Attached hereto as Exhibit B are printouts of the registration certificates for the POM Marks.

16. PUR had constructive notice of POM's rights in its federally registered trademarks under 15 U.S.C. Section 1072, which states: "Registration of a mark on the principal register provided by this Act or under the Act of March 3, 1981, or the Act of February 20, 1905, shall be constructive notice of the registrant's claim of ownership thereof." POM's registered, pending, and common law trademarks constitute a family of marks.

17. PUR also had actual notice of POM's rights when it received POM's letter to PUR advising it of POM's rights on May 31, 2013.

18. POM has devoted a great deal of time, money and resources to develop and market its products in connection with its POM® Brand. Because of this, there is substantial goodwill associated with the POM Marks and POM® Brand.

19. The POM Marks are used uniformly and consistently in every product, advertisement, and promotion in connection with POM® Brand products. POM, its distributors, and its distributors' customers, both nationally and internationally, have continuously and exclusively used the POM Marks to distinguish themselves as the source of goods and services in connection therewith.

20. The POM Marks were custom designed to be distinctive, innovative and recognizable to consumers so that the POM Marks would act as a source-identifier. Because of this, the POM Marks are inherently distinctive. In the alternative, because of POM's exclusive and extensive use, the POM Marks have acquired secondary meaning and distinctiveness, becoming extremely well known to the consuming public as identifying and distinguishing POM exclusively and uniquely as the source of products to which the POM® Brand is applied.

21.   The POM Marks are widely recognized as a source-identifier for POM® Brand products.  POM has built and owns an extremely valuable goodwill which is symbolized by, and associated with its highly distinctive POM® Brand.

22.   POM products are not sold under the POM® Brand alone.  POM not only sells its BRANDED products to the general consuming public, it also sells ingredients such as pomegranate extract, pomegranate juice concentrate and arils to many companies in the food and beverage and dietary supplement industries for inclusion in a variety of products including beverages.  In some instances POM also licenses the use of one or more of the POM Marks for use in connection with the sale of products made using POM's high quality ingredients.

### III.   MARKETING AND PROMOTION OF THE POM® BRAND

23.   POM pursues direct marketing efforts to grocery, club, gourmet food, other specialty stores as well as restaurants, and other on-premise locations throughout the world.

24.   POM also sponsors many events such as the LA Marathon; Nike Women's Marathon; DC Triathlon; the NYC Triathlon; Cart for a Cause (benefiting Meals on Wheels); Best Buddies Challenge (benefiting Best Buddies); GLAAD Media Awards (benefiting Gay and Lesbian Alliance Against Defamation);  and the New York City Wine and Food Festival (benefiting Share Our Strength).  Attached as Exhibit C are photographs which illustrate some of POM's charitable efforts.

25.   POM has invested in the POM® Brand, spending millions of dollars worldwide in the marketing, advertising, sales and promotion of the POM® Brand products.

26.   In late 2010, POM began its first television advertisement campaign for the POM® Brand.  POM's television commercials have aired not only in the United States, but also in Canada, France, the United Kingdom and the Netherlands thus far.

27.   In the United States, POM's television commercials were featured on

1  networks such as ABC, NBC and CBS and aired during a variety of shows such as

2  Grey's Anatomy, Top Chef and 30 Rock.

3      28.    POM believes that its success is due to the quality, purity and taste of

4  its products and to the highly distinctive, innovative and recognizable POM Marks.

5      29.    The POM® Brand denotes high-quality pomegranate-based products

6  and is a source-identifier of those products.

7  **IV.    DEFENDANTS' "PUR POM" ENERGY DRINK PRODUCT**

8      30.    Notwithstanding POM's rights in the POM Marks, and with

9  constructive and actual notice of POM's rights, Defendants are intentionally and

10  willfully advertising, distributing, and selling a product that infringes the POM

11  Marks.

12      31.    Defendants have sold and continue to sell a drink product called "PUR

13  POM" energy drink.  Attached as Exhibit D is a photocopy of an image of the PUR

14  POM energy drink product.

15      32.    Defendants' PUR POM energy drink product infringes the POM

16  Marks by causing a likelihood of confusion with the POM Marks.

17      33.    By copying and using the POM Marks, Defendants are intentionally

18  trading on the substantial goodwill created by POM.  Defendants' use of "POM"

19  with the infringing PUR POM energy drink product creates a likelihood of

20  confusion, mistake, and deception as to Defendants' affiliation, connection, and/or

21  association with POM among consumers and the trade.

22      34.    POM has never authorized or consented to any such use by Defendants

23  of the POM Marks.

24      35.    Defendants' unauthorized actions and blatant use of the POM Marks

25  constitute trademark infringement, false designation of origin and unfair competition

26  under the laws of the United States and the State of California.

27  //

28

## V.   DEFENDANTS' ACTIONS ARE INTENTIONAL AND WILLFUL

36.   POM is informed and believes, and based thereon alleges, that Defendants intentionally designed their PUR POM energy drink product so as to incorporate the inherently distinctive POM Marks.

37.   POM is also informed and believes, and based thereon alleges, that Defendants use the inherently distinctive POM Marks in commerce to intentionally cause a likelihood of confusion between Defendants' infringing product and POM's product, or to cause mistake, or to deceive the relevant public that Defendants' goods or services are authorized, sponsored or approved by or are affiliated with POM.

38.   POM is further informed and believes, and based thereon alleges, that by intentionally misappropriating the POM Marks, Defendants are causing customer confusion in the marketplace.

39.   POM is informed and believes, and based thereon alleges, that Defendants have willfully and knowingly infringed the inherently distinctive POM Marks with knowledge of POM's rights and in an intentional attempt to target consumers who are familiar with the POM® Brand by creating the impression of an association between Defendants and POM or an endorsement by POM of Defendants' goods.

40.   The natural, probable and foreseeable result of the intentional, willful and wrongful conduct of Defendants has been to deprive POM of business and goodwill, and to injure POM's goodwill, reputation and relationships with existing and prospective customers by infringing the POM Marks, causing customers to associate the POM® Brand with the PUR POM energy drink product.

41.   POM is further informed and believes, and based thereon alleges, that it has lost or will lose revenues from the sale of the inherently distinctive POM® products and potential revenue from licensing and co-branding opportunities  and has sustained and will sustain damages as a result of Defendants' wrongful conduct

1  in selling, marketing and distributing the infringing PUR POM energy drink

2  product.

3    42.    POM is further informed and believes, and based thereon alleges, that

4  Defendants have been unjustly enriched by their sale and marketing of the infringing

5  PUR POM energy drink product.

6    43.    Defendants' conduct is the result of willful and wanton disregard of

7  POM's established and superior rights.  Defendants adopted and used, and continue

8  to use, the POM Marks without authorization and with full knowledge of POM's

9  superior rights and despite having been put on notice.  POM has suffered, and will

10 continue to suffer, irreparable injury as a result of Defendants' unlawful actions and

11 has no adequate remedy at law.  POM is therefore entitled to injunctive relief.

12                        **FIRST CLAIM FOR RELIEF**

13            **(Trademark Infringement Pursuant to 15 U.S.C. § 1114)**

14    44.    POM incorporates by reference Paragraphs 1 through 43 above as

15 though fully set forth herein.

16    45.    Defendants' PUR POM drink product infringes the POM Marks

17 because their use of the POM Marks as part of their product's name, is likely to

18 cause confusion, mistake, and deception with respect to the POM Marks.

19    46.    Defendants' imitation, copying, and unauthorized use in commerce of

20 POM's federally registered trademarks is likely to cause confusion, mistake, or to

21 deceive the consuming public and trade by creating the erroneous impression that

22 Defendants' products have been manufactured, approved, sponsored, endorsed, or

23 guaranteed by, or are in some way affiliated with POM.

24    47.    The imitation, copying, and unauthorized use of the POM Marks causes

25 irreparable injury to POM, including injury to its business reputation and the

26 goodwill associated with the POM Marks.

27    48.    By reason of the foregoing, Defendants have infringed POM's

28 trademarks and have violated, and are continuing to violate, 15 U.S.C. Section 1114.

{076175.1}

8

COMPLAINT

49.     POM has no adequate remedy at law for these injuries.  Moreover, unless Defendants are restrained by this Court from continuing this imitation, copying and unauthorized use of the POM Marks, these injuries will continue to occur.  POM is entitled to an injunction restraining Defendants, their officers, agents, distributors and employees, and all persons acting in concert with them, from engaging in such further acts in violation of 15 U.S.C. Section 1116.

50.     By reason of Defendants' willful acts of trademark infringement, POM is entitled to damages it has sustained and will sustain, and to have those damages trebled pursuant to 15 U.S.C. Section 1117.

51.     This is an exceptional case making POM eligible for an award of attorneys' fees under 15 U.S.C. Section 1117.

52.     POM is further entitled to recover from Defendants any gains, profits and advantages unfairly obtained by Defendants as a result of their acts of infringement alleged herein.  At present, the amount of any gains, profits and advantages cannot be fully ascertained by POM.  POM is unable to ascertain the full extent of the monetary damages suffered by reason of Defendants' acts at this time.

## SECOND CLAIM FOR RELIEF

### (Trademark Infringement and False Designation of Origin Pursuant to 15 U.S.C. § 1125(a))

53.     POM incorporates by reference Paragraphs 1 through 52 above as though fully set forth herein.

54.     Defendants' infringing PUR POM energy drink product infringes the POM Marks, and Defendants are falsely designating the origin of their brand because the use of the POM Marks as part of their product's name is likely to cause confusion, mistake, and deception with respect to the POM Marks.

55.     Defendants' use of POM as part of its product name has confused and is likely to continue to cause confusion or to cause mistake, or to deceive the consuming public into believing that Defendants' goods or services are authorized,

1 | sponsored or approved by or are affiliated with POM.

2 | 56.   These acts constitute trademark infringement of the POM Marks and
3 | false designation of origin in violation of 15 U.S.C. Section 1125(a), entitling POM
4 | to relief.

5 | 57.   By reason of Defendants' acts, POM is, and will continue to be,
6 | irreparably harmed if Defendants' conduct is not enjoined.  POM's remedy at law is
7 | not adequate to compensate it for the injuries inflicted, and POM is therefore
8 | entitled to injunctive relief pursuant to 15 U.S.C. Section 1116.

9 | 58.   The above-described acts of Defendants have irreparably harmed and,
10 | if not enjoined, will continue to irreparably harm the general public, which has an
11 | interest in being free from confusion, mistake and deception.

12 | 59.   Defendants have unfairly profited from the actions alleged and POM is
13 | therefore entitled to recover from Defendants the damages sustained as a result of
14 | Defendants' acts in violation of 15 U.S.C. Section 1125(a).  At present, POM is
15 | unable to ascertain the full extent of the monetary damages suffered by reason of
16 | Defendants' acts.

17 | 60.   Further, because of the willful nature of Defendants' acts, POM is
18 | entitled to damages and to have those damages trebled pursuant to 15 U.S.C. Section
19 | 1117.

20 | 61.   This is an exceptional case making POM eligible for an award of
21 | attorneys' fees pursuant to 15 U.S.C. Section 1117.

22 | **THIRD CLAIM FOR RELIEF**
23 | **(Unfair Competition and Unfair Business Practices Pursuant to Cal. Bus. &**
24 | **Prof. Code §§ 17200, 17500 et seq.)**

25 | 62.   POM incorporates by reference Paragraphs 1 through 61 above as
26 | though fully set forth herein.

27 | 63.   Defendants' willful, knowing and unauthorized promotion,
28 | advertisement, sale and offering for sale of infringing goods, causing confusion as to

1   the source of the goods and causing harm to POM's goodwill, consist of untrue and
2   misleading statements and constitute an unlawful appropriation of POM's exclusive
3   rights in its POM Marks as outlined herein.

4        64.   Defendants have unlawfully appropriated POM's exclusive rights in its
5   POM Marks, infringing on POM's rights because, like POM's products, Defendants
6   use of the term POM as part of their product name infringes the POM Marks.

7        65.   By selling and offering for sale infringing goods and services,
8   Defendants are in violation of POM's proprietary rights.  Their conduct thereby
9   constitutes unlawful, unfair, deceptive and/or fraudulent trade practices and unfair
10  competition in violation of California Business & Professions Code Sections 17200,
11  17500 et seq.  The predicate acts comprising Defendants' unlawful, unfair,
12  deceptive and/or fraudulent trade practices or acts include, but are not limited to, the
13  violations of law more fully set forth herein.

14       66.   As a direct and proximate result of Defendants' wrongful conduct,
15  POM has suffered injury in fact, which losses include damage to POM's goodwill
16  with its existing, former and potential customers and actual confusion between
17  Defendants' infringing products and POM's® Brand of products.

18       67.   These wrongful acts have proximately caused and will continue to
19  cause POM substantial injury, including loss of customers, loss of goodwill, and
20  confusion of existing and potential customers of POM's products.  The harm these
21  wrongful acts will cause to POM is both imminent and irreparable, and the amount
22  of damage sustained by POM will be impossible to ascertain if these acts continue.
23  As such, POM has no adequate remedy at law.

24       68.   Pursuant to California Business & Professions Code Section 17203,
25  Defendants are required to disgorge and restore to POM all profits and property
26  acquired by means of Defendants' unfair competition with POM.

27       69.   Pursuant to California Business & Professions Code Section 17203,
28  POM is also entitled to a preliminary and permanent injunction restraining

1  Defendants, their respective officers, agents, employees, distributors and all persons
2  acting in concert with them, from engaging in further such unlawful conduct.

### FOURTH CLAIM FOR RELIEF

### (Violation of California Common Law Unfair Competition)

70.     POM incorporates Paragraphs 1 through 69 above as though set forth fully herein.

71.     As set forth above, Defendants' willful, knowing and unauthorized promotion, advertisement, sale and offering for sale of infringing goods, causing confusion as to the source of the goods and causing harm to POM's goodwill, consist of untrue and misleading statements and constitute an unlawful appropriation of POM's exclusive rights in its POM Marks and constitutes unfair competition under California common law.

72.     Defendants have unlawfully appropriated POM's exclusive rights in its POM Marks, infringing on POM's rights.

73.     By reason of Defendants' conduct, POM has sustained and will continue to sustain substantial injury, loss, and damage, as set forth above.

74.     Further irreparable harm and injury to POM is imminent as a result of Defendants' conduct, and POM is without an adequate remedy at law.

75.     POM is therefore entitled to an injunction restraining Defendants, their agents, employees, representatives, distributors and all persons acting in concert with them, from engaging in further acts of unfair competition.

76.     POM is further entitled to recover from Defendants the damages sustained by POM as a result of Defendants' acts of unfair competition. POM is at present unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendants' acts of unfair competition.

77.     Finally, POM is informed and believes, and based thereon alleges, that Defendants' conduct has been intentional and willful and in conscious disregard of POM's rights and, therefore, POM is entitled to exemplary or punitive damages

1  under California Civil Code Section 3294 in an amount appropriate to punish

2  Defendants and to make an example of Defendants to the community at large.

3  **PRAYER FOR RELIEF**

4  WHEREFORE, POM prays for judgment against Defendants as follows:

5  1.  That the Court enter judgment against each Defendant that:

6  a.  Defendants infringed the rights of POM in their federally

7  registered trademarks in violation of 15 U.S.C. Section 1114;

8  b.  Defendants infringed POM's rights in the POM Marks in

9  violation of 15 U.S.C. Section 1125;

10  c.  Defendants engaged in unfair competition and deceptive acts and

11  practices in violation of California Business & Professions Code Sections 17200,

12  17500, et seq.;

13  d.  Defendants engaged in unfair competition and deceptive acts and

14  practices in violation of California common law;

15  e.  That the Court enter judgment against each Defendant that the

16  above acts, 1(a)-(e), were willful and intentional, making this an exceptional case;

17  2.  That the Court issue a preliminary and permanent injunction enjoining

18  and restraining Defendants and their agents, employees, successors, assigns and all

19  other persons acting in concert or in conspiracy with or affiliated with Defendants

20  from:

21  a.  Engaging in any infringing activity including advertising,

22  promoting, marketing, franchising, distributing, selling, and offering for sale any

23  goods or services in connection with the infringing product identified herein or any

24  product or mark similar to the POM Marks in any media, whether in person, in print

25  or by electronic or digital means including but not limited to newspapers,

26  magazines, bus shelters, billboards as well as via the Internet, including but not

27  limited to, company websites, promotional websites, social media websites,

28  YouTube or other video-related websites, food reviewing websites, blogs, email,

1  SMS and the like; and

2         b.      Requiring Defendants to deliver up to POM for destruction any

3  and all packaging, advertising and promotional materials in Defendants' possession,

4  custody or control which contain the infringing products, marks, and/or designs, and

5  any and all infringing products in their possession, custody or control which include

6  the POM Marks.

7         3.      That the Court issue an Order at the conclusion of the present matter

8  that all infringing products be recalled, seized, impounded and destroyed.

9         4.      That POM be awarded damages for Defendants' trademark

10  infringement,  and for unfair competition under California common law.

11         5.      That POM be awarded all profits and restitution resulting from

12  Defendants' infringement of POM's rights and by means of Defendants' unfair

13  competition with POM.

14         6.      That Defendants be ordered to account for and disgorge to POM all

15  amounts by which Defendants have been unjustly enriched by reason of the

16  unlawful acts complained of.

17         7.      That damages resulting from Defendants' infringement under the

18  Lanham Act be trebled due to Defendants' willfulness in accordance with the

19  provisions of 15 U.S.C. Section 1117.

20         8.      That POM be awarded exemplary or punitive damages in an amount

21  appropriate to punish Defendants and to make an example of the Defendants to the

22  community.

23         9.      That, at POM's election, POM be awarded an amount sufficient to

24  reimburse POM for the costs of corrective advertising.

25         10.      For pre-judgment interest on all infringement and other appropriate

26  damages.

27         11.      That the Court award POM its reasonable attorneys' fees pursuant to 15

28  U.S.C. § 1117, 17 U.S.C. Section 505, California law, and any other applicable

{076175.1}

14

COMPLAINT

1 | provision of law.

2 |      12.    That the Court award POM its costs of suit incurred herein.

3 |      13.    For such other or further relief as the Court may deem just and proper.

DATED:  September 18, 2013     ROLL LAW GROUP PC

By: _____
Michael M. Vasseghi
Attorneys for POMWONDERFUL LLC

**DEMAND FOR JURY TRIAL**

Plaintiff POMWonderful LLC hereby demands a jury trial in connection with this action.

DATED:  September 18, 2013     ROLL LAW GROUP PC

By: _____
Michael M. Vasseghi
Attorneys for POMWONDERFUL LLC

{076175.1}

15

COMPLAINT

# Exhibit A

17







18





















# Exhibit B

Int. Cl.: 32

Prior U.S. Cls.: 45, 46, and 48

## United States Patent and Trademark Office

Reg. No. 2,637,053
Registered Oct. 15, 2002

## TRADEMARK
### PRINCIPAL REGISTER

## POM

POM WONDERFUL LLC (DELAWARE LIMITED LIABILITY COMPANY)

11444 W. OLYMPIC BLVD.

LOS ANGELES, CA 90064 BY CHANGE OF NAME PARAMOUNT JUICE COMPANY LLC (DELAWARE LIMITED LIABILITY COMPANY) LOS ANGELES, CA 90064

FOR: FRUIT JUICES, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 4-11-2002; IN COMMERCE 4-11-2002.

SN 76-245,687, FILED 4-24-2001.

CHRISTOPHER LAW, EXAMINING ATTORNEY

Int. Cls.: **31 and 32**

Prior U.S. Cls.: **1, 45, 46 and 48**

**United States Patent and Trademark Office**

Reg. No. **3,047,447**
Registered Jan. 24, 2006

**TRADEMARK**
**PRINCIPAL REGISTER**



POM WONDERFUL LLC (DELAWARE LTD LIAB CO)
11444 WEST OLYMPIC BOULEVARD
10TH FLOOR
LOS ANGELES, CA 90064

FOR: FRESH FRUITS, IN CLASS 31 (U.S. CLS. 1 AND 46).

FIRST USE 10-15-2001; IN COMMERCE 10-15-2001.

FOR: FRUIT JUICES AND FRUIT JUICE CONCENTRATES, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 9-16-2002; IN COMMERCE 1-13-2003.

THE MARK CONTAINS THE WORD POM WITH A HEART DESIGN IN PLACE OF THE LETTER "O".

SER. NO. 76-553,991, FILED 10-6-2003.

KATHRYN COWARD, EXAMINING ATTORNEY

Int. Cl.: 31

Prior U.S. Cls.: 1 and 46

## United States Patent and Trademark Office

Reg. No. 2,640,835

Registered Oct. 22, 2002

## TRADEMARK
### PRINCIPAL REGISTER

## POM WONDERFUL

POM WONDERFUL LLC (DELAWARE LIMITED LIABILITY COMPANY)

11444 W. OLYMPIC BLVD.

LOS ANGELES, CA 90064 BY CHANGE OF NAME PARAMOUNT JUICE COMPANY LLC (DELAWARE LIMITED LIABILITY COMPANY) LOS ANGELES, CA 90064

FOR: FRESH FRUITS, IN CLASS 31 (U.S. CLS. 1 AND 46).

FIRST USE 4-11-2002; IN COMMERCE 4-11-2002.

SN 76-244,362, FILED 4-19-2001.

CHRISTOPHER LAW, EXAMINING ATTORNEY

# United States of America

## United States Patent and Trademark Office

# POM WONDERFUL

**Reg. No. 3,687,491**
Registered Sep. 22, 2009

**Int. Cls.: 5, 29, 30, and 32**

**TRADEMARK**
**PRINCIPAL REGISTER**

POMWONDERFUL LLC (DELAWARE LIMITED LIABILITY COMPANY)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: FOOD, DIETARY AND NUTRITIONAL SUPPLEMENTS, INCLUDING ANTIOXIDANT SUPPLEMENTS AND SUPPLEMENTS DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; NUTRACEUTICALS FOR USE AS A DIETARY SUPPLEMENT, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; ANTI-CANCER PREPARATIONS; PHARMACEUTICAL PRODUCTS AND PREPARATIONS, INCLUDING PREPARATIONS DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, FOR THE TREATMENT OF VIRAL AND INFECTIOUS DISEASES, INCLUDING FOR THE TREATMENT OF CANCER, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 5-0-2007; IN COMMERCE 5-0-2007.

FOR: FROZEN FRUITS, IN CLASS 29 (U.S. CL. 46).

FIRST USE 6-0-2006; IN COMMERCE 6-0-2006.

FOR: TOPPING SYRUP; ICED TEA AND TEA-BASED BEVERAGES WITH FRUIT FLAVORING, IN CLASS 30 (U.S. CL. 46).

FIRST USE 2-1-2006; IN COMMERCE 3-6-2006.

FOR: NON-ALCOHOLIC FRUIT EXTRACTS USED IN THE PREPARATION OF BEVERAGES; PREPARATIONS FOR MAKING FRUIT DRINKS; FRUIT FLAVORED BEVERAGES; NON-ALCOHOLIC BEVERAGES CONTAINING FRUIT JUICES; SMOOTHIES; BOTTLED WATER; NON-ALCOHOLIC BEVERAGES WITH TEA FLAVOR; LOW CALORIE FRUIT FLAVORED BEVERAGES; LOW CALORIE FRUIT JUICE DRINKS; LOW CALORIE TEA FLAVORED BEVERAGES, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 6-30-2004; IN COMMERCE 6-30-2004.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,637,053, 2,960,193, AND OTHERS.

SN 78-628,764, FILED 5-12-2005.

PAUL E. FAHRENKOPF, EXAMINING ATTORNEY

Director of the United States Patent and Trademark Office

Int. Cls.: 31 and 32

Prior U.S. Cls.: 1, 45, 46 and 48

United States Patent and Trademark Office

Reg. No. 2,864,641
Registered July 20, 2004

## TRADEMARK
### PRINCIPAL REGISTER



POM WONDERFUL LLC (DELAWARE LTD LIAB
  CO)
11444 WEST OLYMPIC BOULEVARD
10TH FLOOR
LOS ANGELES, CA 90064

FOR: FRESH FRUITS, IN CLASS 31 (U.S. CLS. 1
AND 46).

FIRST USE 10-15-2001; IN COMMERCE 10-15-2001.

FOR: FRUIT JUICES AND FRUIT JUICE CON-
CENTRATES, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 9-16-2002; IN COMMERCE 1-13-2003.

OWNER OF U.S. REG. NOS. 2,637,053, 2,780,314
AND OTHERS.

THE MARK CONTAINS THE WORDS POM WON-
DERFUL, WITH A HEART DESIGN IN PLACE OF
THE LETTER "O" IN THE WORD "POM".

SER. NO. 76-534,468, FILED 8-4-2003.

BARBARA GAYNOR, EXAMINING ATTORNEY

28

Int. Cls.: 31 and 32

Prior U.S. Cls.: 1, 45, 46, and 48

## United States Patent and Trademark Office

Reg. No. 2,780,314
Registered Nov. 4, 2003

## TRADEMARK
### PRINCIPAL REGISTER



POM WONDERFUL LLC (DELAWARE LIMITED
  LIABILITY COMPANY)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: FRESH FRUITS, IN CLASS 31 (U.S. CLS. 1
AND 46).

FIRST USE 10-15-2001; IN COMMERCE 10-15-2001.

FOR: FRUIT JUICES AND FRUIT JUICE CON-
CENTRATES, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 10-15-2001; IN COMMERCE 10-15-2001.

THE MARK CONTAINS THE WORD "POM",
AND THE WORD "WONDERFUL" IN RED, THE
SAME RED SHADE OF WHICH IS ALSO WITHIN
THE HEART OF THE "POM".

SN 76-347,919, FILED 12-11-2001.

MARK T. MULLEN, EXAMINING ATTORNEY

# United States of America

## United States Patent and Trademark Office

# POM
# WONDERFUL

**Reg. No. 3,687,492**
Registered Sep. 22, 2009

POMWONDERFUL LLC (DELAWARE LIMITED LIABILITY COMPANY)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

**Int. Cls.: 5, 29, 30, and 32**

**TRADEMARK**
**PRINCIPAL REGISTER**

FOR: FOOD, DIETARY AND NUTRITIONAL SUPPLEMENTS, INCLUDING ANTIOXIDANT SUPPLEMENTS AND SUPPLEMENTS DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; NUTRACEUTICALS FOR USE AS A DIETARY SUPPLEMENT, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; ANTI-CANCER PREPARATIONS; PHAR-MACEUTICAL PRODUCTS AND PREPARATIONS, INCLUDING PREPARATIONS DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, FOR THE TREATMENT OF VIRAL AND INFECTIOUS DISEASES, INCLUDING FOR THE TREATMENT OF CANCER, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 5-0-2007; IN COMMERCE 5-0-2007.

FOR: FROZEN FRUITS, IN CLASS 29 (U.S. CL. 46).

FIRST USE 6-0-2006; IN COMMERCE 6-0-2006.

FOR: TOPPING SYRUP; ICED TEA AND TEA-BASED BEVERAGES WITH FRUIT FLAVOR-ING, IN CLASS 30 (U.S. CL. 46).

FIRST USE 2-1-2006; IN COMMERCE 3-6-2006.

FOR: NON-ALCOHOLIC FRUIT EXTRACTS USED IN THE PREPARATION OF BEVERAGES; PREPARATIONS FOR MAKING FRUIT DRINKS; FRUIT FLAVORED BEVERAGES; NON-ALCOHOLIC BEVERAGES CONTAINING FRUIT JUICES; SMOOTHIES; NON-ALCOHOLIC BEVERAGES WITH TEA FLAVOR; LOW CALORIE FRUIT FLAVORED BEVERAGES; LOW CALORIE FRUIT JUICE DRINKS; LOW CALORIE TEA FLAVORED BEVERAGES, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 6-30-2004; IN COMMERCE 6-30-2004.

OWNER OF U.S. REG. NOS. 2,637,053, 2,960,193, AND OTHERS.

THE MARK CONSISTS OF THE WORDS "POM WONDERFUL", WITH A HEART DESIGN IN PLACE OF THE LETTER "O" IN THE WORD "POM".

*David J. Kappos*

Director of the United States Patent and Trademark Office

30

**Reg. No. 3,687,492** SN 78-628,813, FILED 5-12-2005.

PAUL E. FAHRENKOPF, EXAMINING ATTORNEY

Int. Cls.: 30 and 32

Prior U.S. Cls.: 45, 46 and 48

**United States Patent and Trademark Office**

Reg. No. 3,411,595
Registered Apr. 15, 2008

## TRADEMARK
### PRINCIPAL REGISTER

# POM TEA

POMWONDERFUL LLC (DELAWARE LTD LIAB CO)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: ICED TEAS AND TEA-BASED BEVERAGES WITH POMEGRANATE FLAVORING, IN CLASS 30 (U.S. CL. 46).

FIRST USE 2-1-2006; IN COMMERCE 3-6-2006.

FOR: NON-ALCOHOLIC FRUIT EXTRACTS USED IN THE PREPARATION OF BEVERAGES, PREPARATIONS FOR MAKING FRUIT DRINKS, FRUIT FLAVORED BEVERAGES, NON-ALCOHOLIC BEVERAGES CONTAINING FRUIT JUICES, NON-ALCOHOLIC BEVERAGES WITH TEA FLAVOR, LOW CALORIE FRUIT FLAVORED BEVERAGES, LOW CALORIE TEA FLAVORED BEVERAGES, ALL MADE IN WHOLE OR SIGNIFI-CANT PART OF POMEGRANATE JUICE, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 2-1-2006; IN COMMERCE 3-6-2006.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,637,053, 3,047,447 AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "TEA", APART FROM THE MARK AS SHOWN.

SER. NO. 77-249,106, FILED 8-7-2007.

BRIAN CALLAGHAN, EXAMINING ATTORNEY

Int. Cls.: 30 and 32

Prior U.S. Cls.: 45, 46 and 48

**United States Patent and Trademark Office**

Reg. No. 3,391,707

Registered Mar. 4, 2008

## TRADEMARK
### PRINCIPAL REGISTER

# LIGHT POM TEA

POMWONDERFUL LLC (DELAWARE LTD LIAB CO)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: ICED TEAS AND TEA-BASED BEVERAGES WITH POMEGRANATE FLAVORING, IN CLASS 30 (U.S. CL. 46).

FIRST USE 6-25-2007; IN COMMERCE 6-25-2007.

FOR: NON-ALCOHOLIC FRUIT EXTRACTS USED IN THE PREPARATION OF BEVERAGES, PREPARATIONS FOR MAKING FRUIT DRINKS, FRUIT FLAVORED BEVERAGES, NON-ALCOHOLIC BEVERAGES CONTAINING FRUIT JUICES, NON-ALCOHOLIC BEVERAGES WITH TEA FLAVOR, LOW CALORIE FRUIT FLAVORED BEVERAGES, LOW CALORIE TEA FLAVORED BEVERAGES, ALL MADE IN WHOLE OR SIGNIFI-

CANT PART OF POMEGRANATE JUICE, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 6-25-2007; IN COMMERCE 6-25-2007.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,637,053, 3,047,447 AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "LIGHT" OR "TEA", APART FROM THE MARK AS SHOWN.

SER. NO. 77-249,295, FILED 8-7-2007.

BRIAN CALLAGHAN, EXAMINING ATTORNEY

Int. Cls.: 30 and 32

Prior U.S. Cls.: 45, 46 and 48

**United States Patent and Trademark Office**

Reg. No. 3,411,596
Registered Apr. 15, 2008

## TRADEMARK
### PRINCIPAL REGISTER



POMWONDERFUL LLC (DELAWARE LTD LIAB CO)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: ICED TEAS AND TEA-BASED BEVERAGES WITH POMEGRANATE FLAVORING, IN CLASS 30 (U.S. CL. 46).

FIRST USE 6-25-2007; IN COMMERCE 6-25-2007.

FOR: NON-ALCOHOLIC FRUIT EXTRACTS USED IN THE PREPARATION OF BEVERAGES, PREPARATIONS FOR MAKING FRUIT DRINKS, FRUIT FLAVORED BEVERAGES, NON-ALCOHOLIC BEVERAGES CONTAINING FRUIT JUICES, NON-ALCOHOLIC BEVERAGES WITH TEA FLAVOR, LOW CALORIE FRUIT FLAVORED BEVERA-GES, LOW CALORIE TEA FLAVORED BEVERAGES, ALL MADE IN WHOLE OR SIGNIFICANT PART OF POMEGRANATE JUICE, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 6-25-2007; IN COMMERCE 6-25-2007.

OWNER OF U.S. REG. NOS. 2,637,053, 3,047,447 AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "LIGHT" OR "TEA", APART FROM THE MARK AS SHOWN.

SER. NO. 77-249,299, FILED 8-7-2007.

BRIAN CALLAGHAN, EXAMINING ATTORNEY

Int. Cls.: 1 and 5

Prior U.S. Cls.: 1, 5, 6, 10, 18, 26, 44, 46, 51, and 52

**United States Patent and Trademark Office**

Reg. No. 3,337,435
Registered Nov. 13, 2007

## TRADEMARK
### PRINCIPAL REGISTER

# POM IN A PILL

POMWONDERFUL LLC (DELAWARE LTD LIAB CO)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: BOTANICAL EXTRACTS, INCLUDING POMEGRANATE EXTRACTS, FOR USE IN THE PREPARATION OF PHARMACEUTICAL PRODUCTS AND PREPARATIONS , IN CLASS 1 (U.S. CLS. 1, 5, 6, 10, 26 AND 46).

FIRST USE 5-7-2007; IN COMMERCE 5-7-2007.

FOR: FOOD, DIETARY AND NUTRITIONAL SUPPLEMENTS, INCLUDING ANTIOXIDANT SUPPLEMENTS AND SUPPLEMENTS DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; NUTRACEUTICALS FOR USE AS A DIETARY SUPPLEMENT, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; NUTRITIONAL ADDITIVES FOR USE IN FOODS, INCLUDING ANTIOXIDANT ADDITIVES AND ADDITIVES DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; ANTI-CANCER PREPARATIONS; PHARMACEUTICAL PRODUCTS AND PREPARATIONS, INCLUDING PREPARATIONS DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, FOR THE TREATMENT OF VIRAL AND INFECTIOUS DISEASES, INCLUDING FOR THE TREATMENT OF CANCER, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 5-7-2007; IN COMMERCE 5-7-2007.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 78-961,648, FILED 8-28-2006.

JAMES MACFARLANE, EXAMINING ATTORNEY

Int. Cls.: 1 and 5

Prior U.S. Cls.: 1, 5, 6, 10, 18, 26, 44, 46, 51, and 52

## United States Patent and Trademark Office

Reg. No. 3,332,875
Registered Nov. 6, 2007

## TRADEMARK
### PRINCIPAL REGISTER

# POM IN A PILL

POMWONDERFUL LLC (DELAWARE LTD LIAB CO)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: BOTANICAL EXTRACTS, INCLUDING POMEGRANATE EXTRACTS, FOR USE IN THE PREPARATION OF PHARMACEUTICAL PRODUCTS AND PREPARATIONS , IN CLASS 1 (U.S. CLS. 1, 5, 6, 10, 26 AND 46).

FIRST USE 5-7-2007; IN COMMERCE 5-7-2007.

FOR: FOOD, DIETARY AND NUTRITIONAL SUPPLEMENTS, INCLUDING ANTIOXIDANT SUPPLEMENTS AND SUPPLEMENTS DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; NUTRACEUTICALS FOR USE AS A DIETARY SUPPLEMENT, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; NUTRITIONAL ADDITIVES FOR USE IN FOODS, INCLUDING ANTIOXIDANT ADDITIVES AND ADDITIVES DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; ANTI-CANCER PREPARATIONS; PHARMACEUTICAL PRODUCTS AND PREPARATIONS, INCLUDING PREPARATIONS DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, FOR THE TREATMENT OF VIRAL AND INFECTIOUS DISEASES, INCLUDING FOR THE TREATMENT OF CANCER, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 5-7-2007; IN COMMERCE 5-7-2007.

THE MARK CONSISTS OF THE WORD POM WITH A HEART DESIGN IN PLACE OF THE LETTER O.

SN 78-969,991, FILED 9-8-2006.

JENNY PARK, EXAMINING ATTORNEY

36

Int. Cl.: 32

Prior U.S. Cls.: 45, 46, and 48

**United States Patent and Trademark Office**

Reg. No. 2,944,481
Registered Apr. 26, 2005

## TRADEMARK
### PRINCIPAL REGISTER

## POM POWER

POMWONDERFUL LLC (DELAWARE LTD LIAB
    CO)
11444 WEST OLYMPIC BOULEVARD
10TH FLOOR
LOS ANGELES, CA 90064

FOR: FRUIT SMOOTHIES, IN CLASS 32 (U.S. CLS.
45, 46 AND 48).

FIRST USE 2-10-2003; IN COMMERCE 5-3-2003.

OWNER OF U.S. REG. NOS. 2,637,053, 2,644,365,
AND OTHERS.

SN 76-486,863, FILED 2-3-2003.

TRACY WHITAKER-BOWN, EXAMINING ATTOR-
NEY

Int. Cls.: 5 and 29

Prior U.S. Cls.: 6, 18, 44, 46, 51, and 52

**United States Patent and Trademark Office**

Reg. No. 3,674,405
Registered Aug. 25, 2009

## TRADEMARK
### PRINCIPAL REGISTER

# POMx

POMWONDERFUL LLC (DELAWARE LIMITED LIABILITY COMPANY)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: NUTRITION BARS FOR USE AS A FUNCTIONAL FOOD DESIGNED TO PROVIDE SPECIFIC HEALTH BENEFITS, NAMELY, NUTRITION BARS FOR USE AS A MEAL REPLACEMENT AND NUTRITION BARS FOR USE AS A DIETARY SUPPLEMENT, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 4-27-2009; IN COMMERCE 4-27-2009.

FOR: NUTRITION BARS FOR USE AS A FUNCTIONAL FOOD DESIGNED TO PROVIDE SPECIFIC HEALTH BENEFITS, NAMELY, NUTRITIONAL FRUIT AND NUT BASED ENERGY AND SNACK FOOD BARS; FRUIT AND NUT BASED SNACK BARS, IN CLASS 29 (U.S. CL. 46).

FIRST USE 4-27-2009; IN COMMERCE 4-27-2009.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 77-611,932, FILED 11-11-2008.

JANICE KIM, EXAMINING ATTORNEY

Int. Cls.: **1, 5, 30, and 32**

Prior U.S. Cls.: **1, 5, 6, 10, 18, 26, 44, 45, 46, 48, 51, and 52**

Reg. No. 3,562,517

## United States Patent and Trademark Office

Registered Jan. 13, 2009

## TRADEMARK
### PRINCIPAL REGISTER



POMWONDERFUL LLC (DELAWARE LIMITED LIABILITY COMPANY)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: BOTANICAL EXTRACTS, INCLUDING POMEGRANATE EXTRACTS, FOR USE IN THE PREPARATION OF PHARMACEUTICAL PRODUCTS AND PREPARATIONS; BOTANICAL EXTRACTS, INCLUDING POMEGRANATE EXTRACTS, FOR USE IN THE PREPARATION OF COSMETIC AND SKIN CARE PRODUCTS, IN CLASS 1 (U.S. CLS. 1, 5, 6, 10, 26 AND 46).

FIRST USE 5-7-2007; IN COMMERCE 5-7-2007.

FOR: FOOD, DIETARY AND NUTRITIONAL SUPPLEMENTS, INCLUDING ANTIOXIDANT SUPPLEMENTS AND SUPPLEMENTS DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; NUTRACEUTICALS FOR USE AS A DIETARY SUPPLEMENT, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; NUTRITIONAL ADDITIVES FOR USE IN FOODS, INCLUDING ANTIOXIDANT ADDITIVES AND ADDITIVES DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; NUTRITIONALLY FORTIFIED BEVERAGES; ANTI-CANCER PREPARATIONS; PHARMACEUTICAL PRODUCTS AND PREPARATIONS, INCLUDING PREPARATIONS DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, FOR THE TREATMENT OF VIRAL AND INFECTIOUS DISEASES, INCLUDING FOR THE TREATMENT OF CANCER; DRUG DELIVERY AGENTS CONSISTING OF COMPOUNDS THAT FACILITATE DELIVERY OF PHARMACEUTICALS; NUTRITIONALLY ENHANCED WATER; VITAMIN ENHANCED WATER, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 5-7-2007; IN COMMERCE 5-7-2007.

FOR: POMEGRANATE EXTRACTS FOR USE AS AN INGREDIENT IN FOOD PRODUCTS, IN CLASS 30 (U.S. CL. 46).

FIRST USE 5-7-2007; IN COMMERCE 5-7-2007.

FOR: NON-ALCOHOLIC FRUIT EXTRACTS USED IN THE PREPARATION OF BEVERAGES; POMEGRANATE EXTRACTS FOR USE AS AN INGREDIENT IN BEVERAGES, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 3-6-2006; IN COMMERCE 3-6-2006.

OWNER OF U.S. REG. NOS. 2,637,053, 2,960,193, AND OTHERS.

THE MARK CONSISTS OF THE WORD "POMX", WITH A HEART DESIGN IN PLACE OF THE LETTER "O" IN THE WORD "POM" AND WITH A SUBSCRIPT LETTER "X" CONNECTED TO THE LETTER "M" IN THE WORD "POM".

SN 78-664,836, FILED 7-6-2005.

PAUL E. FAHRENKOPF, EXAMINING ATTORNEY

# United States of America
## United States Patent and Trademark Office



**Reg. No. 3,791,124**

**Registered May 18, 2010**

**Int. Cls.: 5 and 29**

**TRADEMARK**

**PRINCIPAL REGISTER**

POMWONDERFUL LLC (DELAWARE LIMITED LIABILITY COMPANY)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: NUTRITION BARS FOR USE AS A FUNCTIONAL FOOD DESIGNED TO PROVIDE SPECIFIC HEALTH BENEFITS, NAMELY, NUTRITION BARS FOR USE AS A MEAL REPLACEMENT AND NUTRITION BARS FOR USE AS A DIETARY SUPPLEMENT, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 4-27-2009; IN COMMERCE 4-27-2009.

FOR: NUTRITION BARS FOR USE AS A FUNCTIONAL FOOD DESIGNED TO PROVIDE SPECIFIC HEALTH BENEFITS, NAMELY, NUTRITIONAL FRUIT AND NUT BASED ENERGY AND SNACK FOOD BARS; FRUIT AND NUT BASED SNACK BARS, IN CLASS 29 (U.S. CL. 46).

FIRST USE 4-27-2009; IN COMMERCE 4-27-2009.

OWNER OF U.S. REG. NOS. 3,047,447, 3,562,517, AND OTHERS.

THE MARK CONSISTS OF THE WORD "POMX", WITH A HEART DESIGN IN PLACE OF THE LETTER "O" IN THE WORD "POM" AND WITH A SUBSCRIPT LETTER "X" CONNECTED TO THE LETTER "M" IN THE WORD "POM".

SN 77-674,156, FILED 2-19-2009.

TOBY BULLOFF, EXAMINING ATTORNEY

*David J. Kappos*

Director of the United States Patent and Trademark Office

Int. Cl.: 5

Prior U.S. Cls.: 6, 18, 44, 46, 51, and 52

**United States Patent and Trademark Office**

Reg. No. 3,667,882
Registered Aug. 11, 2009

**TRADEMARK**
**PRINCIPAL REGISTER**

# POMx SHOTS

POMWONDERFUL LLC (DELAWARE LIMITED LIABILITY COMPANY)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: NUTRACEUTICALS, NAMELY, NUTRA-CEUTICALS BEVERAGES FOR USE AS A DIETARY SUPPLEMENT; NUTRITIONALLY FORTIFIED BEVERAGES; NUTRITIONALLY FORTIFIED WA-TER; VITAMIN ENRICHED WATER, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 4-27-2009; IN COMMERCE 4-27-2009.

THE MARK CONSISTS OF STANDARD CHAR-ACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,637,053 AND 2,960,193.

SN 78-780,508, FILED 12-23-2005.

GEOFFREY FOSDICK, EXAMINING ATTORNEY

Int. Cls.: 30 and 32

Prior U.S. Cls.: 45, 46 and 48

**United States Patent and Trademark Office**

Reg. No. 3,208,934
Registered Feb. 13, 2007

## TRADEMARK
### PRINCIPAL REGISTER

# POWERED BY POMx

POMWONDERFUL LLC (DELAWARE LTD LIAB CO)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: TEA; PREPARED READY-TO-DRINK TEA; TEA-BASED PREPARATION FOR MAKING BEVERAGES; ICED TEA; TEA-BASED BEVERAGES WITH FRUIT FLAVORING; FRUIT TEA AND BEVERAGES MADE OF TEA, IN CLASS 30 (U.S. CL. 46).

FIRST USE 3-31-2006; IN COMMERCE 3-31-2006.

FOR: NON-ALCOHOLIC FRUIT EXTRACTS USED IN THE PREPARATION OF BEVERAGES; PREPARATIONS FOR MAKING FRUIT DRINKS; FRUIT FLAVORED BEVERAGES; NON-ALCOHOLIC BEVERAGES CONTAINING FRUIT JUICES; SMOOTHIES; BOTTLED DRINKING WATER; NON-ALCOHOLIC BEVERAGES WITH TEA FLAVOR; LOW CALORIE FRUIT FLAVORED BEVERAGES; LOW CALORIE FRUIT JUICE DRINKS; SPORTS DRINKS; ENERGY DRINKS; LOW CALORIE NON-ALCOHOLIC BEVERAGES WITH TEA FLAVOR, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 3-31-2006; IN COMMERCE 3-31-2006.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 78-867,070, FILED 4-21-2006.

BARBARA A. LOUGHRAN, EXAMINING ATTORNEY

Int. Cls.: **31 and 32**

Prior U.S. Cls.: **1, 45, 46, and 48**

**United States Patent and Trademark Office**

Reg. No. 3,436,526
Registered May 27, 2008

## TRADEMARK
### PRINCIPAL REGISTER

# P♡megranate

POMWONDERFUL LLC (DELAWARE LTD LIAB
    CO)
11444 WEST OLYMPIC BOULEVARD
10TH FLOOR
LOS ANGELES, CA 90064

FOR: FRESH FRUITS, IN CLASS 31 (U.S. CLS. 1
AND 46).

FIRST USE 10-0-2002; IN COMMERCE 10-0-2002.

FOR: FRUIT JUICES AND FRUIT JUICE CON-
CENTRATES, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 11-0-2003; IN COMMERCE 11-0-2003.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "POMEGRANATE", APART FROM
THE MARK AS SHOWN.

THE MARK CONTAINS A HEART DESIGN IN
PLACE OF THE LETTER "O" IN THE WORD
"POMEGRANATE".

SN 76-556,753, FILED 10-22-2003.

HOWARD B. LEVINE, EXAMINING ATTORNEY

Int. Cls.: 1, 5, 30, and 32

Prior U.S. Cls.: 1, 5, 6, 10, 18, 26, 44, 45, 46, 48, 51, and 52

## United States Patent and Trademark Office

Reg. No. 3,562,516

Registered Jan. 13, 2009

## TRADEMARK
### PRINCIPAL REGISTER

# POMx

POMWONDERFUL LLC (DELAWARE LIMITED LIABILITY COMPANY)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: BOTANICAL EXTRACTS, INCLUDING PO-MEGRANATE EXTRACTS, FOR USE IN THE PRE-PARATION OF PHARMACEUTICAL PRODUCTS AND PREPARATIONS; BOTANICAL EXTRACTS, INCLUDING POMEGRANATE EXTRACTS, FOR USE IN THE PREPARATION OF COSMETIC AND SKIN CARE PRODUCTS, IN CLASS 1 (U.S. CLS. 1, 5, 6, 10, 26 AND 46).

FIRST USE 5-7-2007; IN COMMERCE 5-7-2007.

FOR: DIETARY AND NUTRITIONAL SUPPLE-MENTS, INCLUDING ANTIOXIDANT SUPPLE-MENTS AND SUPPLEMENTS DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; NUTRACEUTI-CALS FOR USE AS A DIETARY SUPPLEMENT, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; NUTRITIONAL ADDITIVES FOR USE IN FOODS, INCLUDING ANTIOXIDANT ADDI-TIVES AND ADDITIVES DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, INCLUDING POWDERS, LI-QUIDS, CAPSULES, AND PILLS; ANTI-CANCER PREPARATIONS; PHARMACEUTICAL PRODUCTS AND PREPARATIONS, INCLUDING PREPARA-TIONS DERIVED FROM AND CONTAINING PO-MEGRANATE EXTRACTS AND PLANT EXTRACTS, FOR THE TREATMENT OF VIRAL AND INFECTIOUS DISEASES, INCLUDING FOR THE TREATMENT OF CANCER; NUTRITIONALLY FORTIFIED BEVERAGES, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 5-7-2007; IN COMMERCE 5-7-2007.

FOR: POMEGRANATE EXTRACTS FOR USE AS AN INGREDIENT IN FOOD PRODUCTS, IN CLASS 30 (U.S. CL. 46).

FIRST USE 5-7-2007; IN COMMERCE 5-7-2007.

FOR: NON-ALCOHOLIC FRUIT EXTRACTS USED IN THE PREPARATION OF BEVERAGES; POMEGRANATE EXTRACTS FOR USE AS AN INGREDIENT IN BEVERAGES, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 3-6-2006; IN COMMERCE 3-6-2006.

THE MARK CONSISTS OF STANDARD CHAR-ACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,637,053, 2,960,193, AND OTHERS.

SN 78-664,816, FILED 7-6-2005.

PAUL E. FAHRENKOPF, EXAMINING ATTORNEY

# Exhibit C



























# Exhibit D



Webpage Screenshot



pūr BEVERAGES    LIVE PURE • THINK PURE • DRINK pūr

HOME     DRINK PUR ⌄     LIVE PUR ⌄     CONTACT PUR ⌄



pōm
pomegranate

Pur Pom is a great tasting Pomegranate drink that refreshes and energizes your body with only the finest of natures ingredients including vitamins, fruits and a unique proprietary blend of all natural supplements designed to power and heal your body. This delicious Pomegranate beverage will give you a boost of natural energy without the chemicals you will find in other energy drinks.

🔻 Pur Pom is rich in B-Vitamins for energy with no caffeine or any other harmful additives
🔻 Low calorie, low sugar beverage with no preservatives to leave your mind feeling as good as your body!
🔻 Pure Cane Sugar offers a healthy, natural boost of energy without the negative effects of processed sugar
🔻 Natural healing and revitalization from Pomegranate, Acai Berry, Blueberry and purified water

pōm

— SUPERCHARGED WITH GINSENG ROOT EXTRACT



pūr
BEVERAGES

Pur Beverages are the most amazing line of beverages on the market today. Pur Beverages are designed using key vitamins and minerals, fruit botanicals and other natural supplements, that support the body by providing energy and nutrients not typically found in beverages. Drinking these delicious beverages will help you feel vibrant and increase overall energy levels, the healthy way!

:: Key Ingredients

➕ B Vitamins
➕ Ginseng
➕ Cane Sugar
➕ Pure Water
✖ Pomegranate

The naturally abundant polyphenols in pomegranate juice have long been known as a "miracle" antioxidant that can help prevent heart disease, viral infections and even the common cold

↪ More Pur...

renew
acai berry energy drink

zzz
Natural Weight Loss

Site designed by Flathead Media - ©2013 Pur Beverages INC - Distributor Login

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

POM WONDERFUL LLC, a Delaware limited liability company

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

PUR BEVERAGES LLC, a Pennsylvania limited liability company, and DOES 1 through 10, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

MICHAEL M. VASSEGHI
ROLL LAW GROUP P.C.
11444 W. Olympic Blvd., 7th Fl.
Los Angeles, CA 90064

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT: $** to be determined at trial

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Federal Trademark Infringement; Violation of The Lanham Act Sec. 43(a); Unfair Competition under California Business & Professional Code Sec. 17200 et seq.; California Common Law Unfair Competition

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property |  | ☐ 510 Motions to Vacate Sentence | ☒ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation |  | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV |  | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other |  |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** |  |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act |  |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations |  |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act |  |
|  | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act |  |
|  |  |  | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation |  |
|  |  |  | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act |  |

**FOR OFFICE USE ONLY: Case Number:** CV13-06917

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

COPY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Berks County, PA |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** *M. Vanaghi*    DATE: September 18, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |