**COPY**

1 | CHRISTOPHER VAN GUNDY (SBN 152359)
cvangundy@roll.com

2 | MICHAEL M. VASSEGHI (SBN 210737)
mvasseghi@roll.com

3 | ROLL LAW GROUP PC
11444 West Olympic Boulevard

4 | Los Angeles, California 90064-1557
Telephone: (310) 966-8400

5 | Facsimile:  (310) 966-8810

6 | Attorneys for
POMWONDERFUL LLC

FILED
CLERK, U.S. DISTRICT COURT

OCT 1 1 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

7 |

## UNITED STATES DISTRICT COURT

8 |

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

9 |

10 |

11 | POM WONDERFUL LLC, a Delaware limited liability company,

12 |          Plaintiff,

13 |     vs.

14 | ROBERT G. HUBBARD d/b/a PUR BEVERAGES, PORTLAND

15 | BOTTLING COMPANY an Oregonian company, and DOES 1 through 10,

16 | inclusive,

17 |          Defendants.

Case No. CV-13-06917 - PLA

**FIRST AMENDED COMPLAINT FOR: FEDERAL TRADEMARK INFRINGEMENT; VIOLATION OF THE LANHAM ACT § 43(A); UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 ET SEQ.; CALIFORNIA COMMON LAW UNFAIR COMPETITION.**

**DEMAND FOR TRIAL BY JURY**

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

{079308.1}

1    Plaintiff POM Wonderful LLC hereby alleges as follows:

2                                  **PARTIES**

3        1.      Plaintiff POM Wonderful LLC ("POM") is a Delaware limited liability

4    company with its principal place of business located at 11444 West Olympic

5    Boulevard in Los Angeles, California 90064.  POM produces, markets, sells and

6    distributes pomegranate and pomegranate based products worldwide in connection

7    with its highly distinctive POM® Brand including, but not limited to, fresh fruit,

8    fresh and freeze dried pomegranate arils (seeds), juices, teas, and dietary

9    supplements.

10       2.      POM is informed and thereon believes that Defendant  Robert G.

11   Hubbard d/b/a Pur Beverages and Northwest Beverage Distributors ("PUR" or

12   "Defendants") is located at 10800 Lyndale Avenue South, Suite 324 Bloomington,

13   Minnesota 55420.  POM is informed and believes that PUR is involved in the

14   manufacture and sale of an energy drink called "PUR POM".

15       3.      POM is informed and thereon believes that Defendant Portland Bottling

16   Company is located at 1321 NE Couch Street Portland, Oregon 97232.  POM is

17   informed and believes that Portland Bottling Company is involved in the

18   manufacture of an energy drink called "PUR POM".

19       4.      POM is not aware of the true names and capacities of the Defendants

20   identified herein as Does 1 through 10, inclusive, and therefore fictitiously names

21   said Defendants.  POM will amend this Complaint to allege the true names and

22   capacities of these fictitiously named Defendants when their identities are

23   ascertained.

24       5.      POM is informed and believes, and based thereon alleges, that

25   Defendants PUR, Portland Bottling Company and each of the fictitiously named

26   Doe Defendants (collectively, "Defendants") were in some manner responsible for

27   the acts alleged herein and the harm, losses and damages suffered by POM as

28   alleged hereinafter.  POM is also informed and believes, and based thereon alleges,

1 that while participating in such acts, each Defendant was the agent, principal, and/or

2 alter ego of the other Defendants, and was acting in the course and scope of such

3 agency and/or acted with the permission, consent, authorization or ratification of the

4 other Defendants.

5     6.    As described further below, POM is informed and believes, and based

6 thereon alleges, that Defendants conduct business and distribute their products in

7 California, within this Court's jurisdiction in Southern California and in the greater

8 Los Angeles area.

9 **JURISDICTION AND VENUE**

10     7.    This action arises, in part, under the Lanham Act, as amended, 15

11 U.S.C. §§ 1114 and 1125, California Business and Professions Code § 17200 et

12 seq., and California common law.  This Court has subject matter jurisdiction over

13 this action pursuant to 15 U.S.C. § 1121 (trademark infringement claims under the

14 Lanham Act); 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (original

15 jurisdiction of trademark claims and unfair competition claims related to same) and

16 28 U.S.C. § 1367 (supplemental jurisdiction).

17     8.    POM is informed and believes, and based thereon alleges, that venue is

18 proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1391 (c) because a

19 substantial part of the events giving rise to the claims occurred in this District.

20 Additionally, POM is informed and believes, and based thereon alleges, that the

21 Court has personal jurisdiction over Defendants because Defendants conduct their

22 ordinary business activities in this District, have focused a portion of their unlawful

23 conduct in Los Angeles County within this District, have distributed, and sought to

24 distribute, infringing products in this District, and generally engage in business in

25 this District and the greater Los Angeles area.

26 **FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

27 **I.    THE POM® BRAND**

28     9.    POM began producing, selling and marketing its pomegranate products

1   in 2001.

2      10.    Since 2001, POM has marketed its products in interstate commerce in

3 connection with a family of highly distinctive trademarks which is comprised of, or

4 includes, the term POM (collectively, the "POM® Brand").

5      11.    The POM® Brand has been used in connection with fresh fruit since

6 2001, with beverages since 2002, and with concentrated juice extract and related

7 products since 2009. Attached as Exhibit A are examples of the products POM has

8 sold in connection with its POM® Brand.

9      12.    POM has invested millions of dollars in the creation, development,

10 production, marketing and sales of the POM® Brand and its products. The POM®

11 Brand of juice has become the bestselling brand of pomegranate juice in the United

12 States, having sold over 150 million bottles since 2002.

13      13.    The POM® Brand is a unique food and beverages brand whose name is

14 associated with integrity, quality, purity of taste and naturalness of its products.

15 **II.    THE POM® BRAND INTELLECTUAL PROPERTY**

16      14.    POM owns numerous trademark registrations and pending applications

17 in the United States and around the world for the trademarks it uses in connection

18 with the marketing, distribution and sale of its POM® Brand products in interstate

19 commerce. The POM® Brand trademarks are used in connection with various

20 goods including, but not limited to, fresh pomegranate fruit, fresh and freeze-dried

21 arils (pomegranate seeds), pomegranate juice as well as products which contain fruit

22 juice or fruit juice extracts such as teas and dietary supplements.

23      15.    POM has numerous trademarks registered with the United States Patent

24 and Trademark Office. The POM registered trademarks include, but are not limited

25 to: POM (Reg. Nos. 2637053); POM & Design (Reg. No. 3047447); POM

26 WONDERFUL (Reg. Nos. 2640835 and 3687491); POM WONDERFUL &

27 Design (Reg. Nos. 2864641, 2780314 and 3687492); POM TEA (Reg. No.

28 3411595); LIGHT POM TEA (Reg. No. 3391707); LIGHT POM TEA & Design

1  (Reg. No. 3411596); POM IN A PILL (Reg. No. 3337435); POM IN A PILL &

2  Design (Reg. No. 3332875); POM POWER (Reg. No. 2944481); POMx (Reg. Nos.

3  3562516 and 3674405); POMx & Design (Reg. No. 3562517 and 3791124); POMx

4  SHOTS (Reg. No. 3667882); POMX SHOTS (Reg. No. 3667882); POWERED BY

5  POMx (Reg. No. 3208934); and POMEGRANATE & Design (Reg. No. 3436526)

6  (collectively, the "POM Marks").

7       16.    POM's registrations are valid and subsisting, and POM owns all right,

8  title and interest to the POM Marks.  Registration Nos. 2637053, 2640835, 2780314,

9  2864641 and 3047447 are incontestable pursuant to 15 U.S.C. Section 1065.

10  Attached hereto as Exhibit B are printouts of the registration certificates for the

11  POM Marks.

12       17.    PUR had constructive notice of POM's rights in its federally registered

13  trademarks under 15 U.S.C. Section 1072, which states: "Registration of a mark on

14  the principal register provided by this Act or under the Act of March 3, 1981, or the

15  Act of February 20, 1905, shall be constructive notice of the registrant's claim of

16  ownership thereof."  POM's registered, pending, and common law trademarks

17  constitute a family of marks.

18       18.    PUR also had actual notice of POM's rights when it received POM's

19  letter to PUR advising it of POM's rights on May 31, 2013.

20       19.    POM has devoted a great deal of time, money and resources to develop

21  and market its products in connection with its POM® Brand.  Because of this, there

22  is substantial goodwill associated with the POM Marks and POM® Brand.

23       20.    The POM Marks are used uniformly and consistently in every product,

24  advertisement, and promotion in connection with POM® Brand products.  POM, its

25  distributors, and its distributors' customers, both nationally and internationally, have

26  continuously and exclusively used the POM Marks to distinguish themselves as the

27  source of goods and services in connection therewith.

28       21.    The POM Marks were custom designed to be distinctive, innovative

1   and recognizable to consumers so that the POM Marks would act as a source-
2   identifier.  Because of this, the POM Marks are inherently distinctive.  In the
3   alternative, because of POM's exclusive and extensive use, the POM Marks have
4   acquired secondary meaning and distinctiveness, becoming extremely well known to
5   the consuming public as identifying and distinguishing POM exclusively and
6   uniquely as the source of products to which the POM® Brand is applied.

7          22.    The POM Marks are widely recognized as a source-identifier for
8   POM® Brand products.  POM has built and owns an extremely valuable goodwill
9   which is symbolized by, and associated with its highly distinctive POM® Brand.

10         23.    POM products are not sold under the POM® Brand alone.  POM not
11  only sells its BRANDED products to the general consuming public, it also sells
12  ingredients such as pomegranate extract, pomegranate juice concentrate and arils to
13  many companies in the food and beverage and dietary supplement industries for
14  inclusion in a variety of products including beverages.  In some instances POM also
15  licenses the use of one or more of the POM Marks for use in connection with the
16  sale of products made using POM's high quality ingredients.

17  **III.    MARKETING AND PROMOTION OF THE POM® BRAND**

18         24.    POM pursues direct marketing efforts to grocery, club, gourmet food,
19  other specialty stores as well as restaurants, and other on-premise locations
20  throughout the world.

21         25.    POM also sponsors many events such as the LA Marathon; Nike
22  Women's Marathon; DC Triathlon; the NYC Triathlon; Cart for a Cause (benefiting
23  Meals on Wheels); Best Buddies Challenge (benefiting Best Buddies); GLAAD
24  Media Awards (benefiting Gay and Lesbian Alliance Against Defamation);  and the
25  New York City Wine and Food Festival (benefiting Share Our Strength).  Attached
26  as Exhibit C are photographs which illustrate some of POM's charitable efforts.

27         26.    POM has invested in the POM® Brand, spending millions of dollars
28  worldwide in the marketing, advertising, sales and promotion of the POM® Brand

1  products.

2      27.   In late 2010, POM began its first television advertisement campaign for

3  the POM® Brand.  POM's television commercials have aired not only in the United

4  States, but also in Canada, France, the United Kingdom and the Netherlands thus

5  far.

6      28.   In the United States, POM's television commercials were featured on

7  networks such as ABC, NBC and CBS and aired during a variety of shows such as

8  Grey's Anatomy, Top Chef and 30 Rock.

9      29.   POM believes that its success is due to the quality, purity and taste of

10  its products and to the highly distinctive, innovative and recognizable POM Marks.

11      30.   The POM® Brand denotes high-quality pomegranate-based products

12  and is a source-identifier of those products.

13  **IV.   DEFENDANTS' "PUR POM" ENERGY DRINK PRODUCT**

14      31.   Notwithstanding POM's rights in the POM Marks, and with

15  constructive and actual notice of POM's rights, Defendants are intentionally and

16  willfully manufacturing, advertising, distributing, and selling a product that

17  infringes the POM Marks.

18      32.   Defendants have manufactured, sold and continue to sell a drink

19  product called "PUR POM" energy drink.  Attached as Exhibit D is a photocopy of

20  an image of the PUR POM energy drink product.

21      33.    Defendants' PUR POM energy drink product infringes the POM

22  Marks by causing a likelihood of confusion with the POM Marks.

23      34.   By copying and using the POM Marks, Defendants are intentionally

24  trading on the substantial goodwill created by POM.  Defendants' use of "POM"

25  with the infringing PUR POM energy drink product creates a likelihood of

26  confusion, mistake, and deception as to Defendants' affiliation, connection, and/or

27  association with POM among consumers and the trade.

28      35.   POM has never authorized or consented to any such use by Defendants

{079308.1}

6

FIRST AMENDED COMPLAINT

1  of the POM Marks.

2      36.    Defendants' unauthorized actions and blatant use of the POM Marks

3  constitute trademark infringement, false designation of origin and unfair competition

4  under the laws of the United States and the State of California.

5  **V.    DEFENDANTS' ACTIONS ARE INTENTIONAL AND WILLFUL**

6      37.    POM is informed and believes, and based thereon alleges, that

7  Defendants intentionally designed their PUR POM energy drink product so as to

8  incorporate the inherently distinctive POM Marks.

9      38.    POM is also informed and believes, and based thereon alleges, that

10 Defendants use the inherently distinctive POM Marks in commerce to intentionally

11 cause a likelihood of confusion between Defendants' infringing product and POM's

12 product, or to cause mistake, or to deceive the relevant public that Defendants'

13 goods or services are authorized, sponsored or approved by or are affiliated with

14 POM.

15     39.    POM is further informed and believes, and based thereon alleges, that

16 by intentionally misappropriating the POM Marks, Defendants are causing customer

17 confusion in the marketplace.

18     40.    POM is informed and believes, and based thereon alleges, that

19 Defendants have willfully and knowingly infringed the inherently distinctive POM

20 Marks with knowledge of POM's rights and in an intentional attempt to target

21 consumers who are familiar with the POM® Brand by creating the impression of an

22 association between Defendants and POM or an endorsement by POM of

23 Defendants' goods.

24     41.    The natural, probable and foreseeable result of the intentional, willful

25 and wrongful conduct of Defendants has been to deprive POM of business and

26 goodwill, and to injure POM's goodwill, reputation and relationships with existing

27 and prospective customers by infringing the POM Marks, causing customers to

28 associate the POM® Brand with the PUR POM energy drink product.

42.     POM is further informed and believes, and based thereon alleges, that it has lost or will lose revenues from the sale of the inherently distinctive POM® products and potential revenue from licensing and co-branding opportunities  and has sustained and will sustain damages as a result of Defendants' wrongful conduct in selling, marketing and distributing the infringing PUR POM energy drink product.

43.     POM is further informed and believes, and based thereon alleges, that Defendants have been unjustly enriched by their sale and marketing of the infringing PUR POM energy drink product.

44.     Defendants' conduct is the result of willful and wanton disregard of POM's established and superior rights.  Defendants adopted and used, and continue to use, the POM Marks without authorization and with full knowledge of POM's superior rights and despite having been put on notice.  POM has suffered, and will continue to suffer, irreparable injury as a result of Defendants' unlawful actions and has no adequate remedy at law.  POM is therefore entitled to injunctive relief.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement Pursuant to 15 U.S.C. § 1114)

45.     POM incorporates by reference Paragraphs 1 through 44 above as though fully set forth herein.

46.     Defendants' PUR POM drink product infringes the POM Marks because their use of the POM Marks as part of their product's name, is likely to cause confusion, mistake, and deception with respect to the POM Marks.

47.     Defendants' imitation, copying, and unauthorized use in commerce of POM's federally registered trademarks is likely to cause confusion, mistake, or to deceive the consuming public and trade by creating the erroneous impression that Defendants' products have been manufactured, approved, sponsored, endorsed, or guaranteed by, or are in some way affiliated with POM.

48.     The imitation, copying, and unauthorized use of the POM Marks causes

1 | irreparable injury to POM, including injury to its business reputation and the
2 | goodwill associated with the POM Marks.

3 |     49.    By reason of the foregoing, Defendants have infringed POM's
4 | trademarks and have violated, and are continuing to violate, 15 U.S.C. Section 1114.

5 |     50.    POM has no adequate remedy at law for these injuries.  Moreover,
6 | unless Defendants are restrained by this Court from continuing this imitation,
7 | copying and unauthorized use of the POM Marks, these injuries will continue to
8 | occur.  POM is entitled to an injunction restraining Defendants, their officers,
9 | agents, distributors and employees, and all persons acting in concert with them,
10 | from engaging in such further acts in violation of 15 U.S.C. Section 1116.

11 |     51.    By reason of Defendants' willful acts of trademark infringement, POM
12 | is entitled to damages it has sustained and will sustain, and to have those damages
13 | trebled pursuant to 15 U.S.C. Section 1117.

14 |     52.    This is an exceptional case making POM eligible for an award of
15 | attorneys' fees under 15 U.S.C. Section 1117.

16 |     53.    POM is further entitled to recover from Defendants any gains, profits
17 | and advantages unfairly obtained by Defendants as a result of their acts of
18 | infringement alleged herein.  At present, the amount of any gains, profits and
19 | advantages cannot be fully ascertained by POM.  POM is unable to ascertain the full
20 | extent of the monetary damages suffered by reason of Defendants' acts at this time.

## SECOND CLAIM FOR RELIEF

### (Trademark Infringement and False Designation of Origin Pursuant to 15 U.S.C. § 1125(a))

    54.    POM incorporates by reference Paragraphs 1 through 53 above as
though fully set forth herein.

    55.    Defendants' infringing PUR POM energy drink product infringes the
POM Marks, and Defendants are falsely designating the origin of their brand
because the use of the POM Marks as part of their product's name is likely to cause

1   confusion, mistake, and deception with respect to the POM Marks.

2        56.    Defendants' use of POM as part of its product name has confused and

3   is likely to continue to cause confusion or to cause mistake, or to deceive the

4   consuming public into believing that Defendants' goods or services are authorized,

5   sponsored or approved by or are affiliated with POM.

6        57.    These acts constitute trademark infringement of the POM Marks and

7   false designation of origin in violation of 15 U.S.C. Section 1125(a), entitling POM

8   to relief.

9        58.    By reason of Defendants' acts, POM is, and will continue to be,

10   irreparably harmed if Defendants' conduct is not enjoined.  POM's remedy at law is

11   not adequate to compensate it for the injuries inflicted, and POM is therefore

12   entitled to injunctive relief pursuant to 15 U.S.C. Section 1116.

13        59.    The above-described acts of Defendants have irreparably harmed and,

14   if not enjoined, will continue to irreparably harm the general public, which has an

15   interest in being free from confusion, mistake and deception.

16        60.    Defendants have unfairly profited from the actions alleged and POM is

17   therefore entitled to recover from Defendants the damages sustained as a result of

18   Defendants' acts in violation of 15 U.S.C. Section 1125(a).  At present, POM is

19   unable to ascertain the full extent of the monetary damages suffered by reason of

20   Defendants' acts.

21        61.    Further, because of the willful nature of Defendants' acts, POM is

22   entitled to damages and to have those damages trebled pursuant to 15 U.S.C. Section

23   1117.

24        62.    This is an exceptional case making POM eligible for an award of

25   attorneys' fees pursuant to 15 U.S.C. Section 1117.

26   //

27   //

28

## THIRD CLAIM FOR RELIEF

### (Unfair Competition and Unfair Business Practices Pursuant to Cal. Bus. & Prof. Code §§ 17200, 17500 et seq.)

63.     POM incorporates by reference Paragraphs 1 through 62 above as though fully set forth herein.

64.     Defendants' willful, knowing and unauthorized promotion, advertisement, sale and offering for sale of infringing goods, causing confusion as to the source of the goods and causing harm to POM's goodwill, consist of untrue and misleading statements and constitute an unlawful appropriation of POM's exclusive rights in its POM Marks as outlined herein.

65.     Defendants have unlawfully appropriated POM's exclusive rights in its POM Marks, infringing on POM's rights because, like POM's products, Defendants use of the term POM as part of their product name infringes the POM Marks.

66.     By selling and offering for sale infringing goods and services, Defendants are in violation of POM's proprietary rights.  Their conduct thereby constitutes unlawful, unfair, deceptive and/or fraudulent trade practices and unfair competition in violation of California Business & Professions Code Sections 17200, 17500 et seq.  The predicate acts comprising Defendants' unlawful, unfair, deceptive and/or fraudulent trade practices or acts include, but are not limited to, the violations of law more fully set forth herein.

67.     As a direct and proximate result of Defendants' wrongful conduct, POM has suffered injury in fact, which losses include damage to POM's goodwill with its existing, former and potential customers and actual confusion between Defendants' infringing products and POM's® Brand of products.

68.     These wrongful acts have proximately caused and will continue to cause POM substantial injury, including loss of customers, loss of goodwill, and confusion of existing and potential customers of POM's products.  The harm these wrongful acts will cause to POM is both imminent and irreparable, and the amount

1  of damage sustained by POM will be impossible to ascertain if these acts continue.

2  As such, POM has no adequate remedy at law.

3        69.    Pursuant to California Business & Professions Code Section 17203,

4  Defendants are required to disgorge and restore to POM all profits and property

5  acquired by means of Defendants' unfair competition with POM.

6        70.    Pursuant to California Business & Professions Code Section 17203,

7  POM is also entitled to a preliminary and permanent injunction restraining

8  Defendants, their respective officers, agents, employees, distributors and all persons

9  acting in concert with them, from engaging in further such unlawful conduct.

10                     **FOURTH CLAIM FOR RELIEF**

11       **(Violation of California Common Law Unfair Competition)**

12        71.    POM incorporates Paragraphs 1 through 70 above as though set forth

13  fully herein.

14        72.    As set forth above, Defendants' willful, knowing and unauthorized

15  promotion, advertisement, sale and offering for sale of infringing goods, causing

16  confusion as to the source of the goods and causing harm to POM's goodwill,

17  consist of untrue and misleading statements and constitute an unlawful appropriation

18  of POM's exclusive rights in its POM Marks and constitutes unfair competition

19  under California common law.

20        73.    Defendants have unlawfully appropriated POM's exclusive rights in its

21  POM Marks, infringing on POM's rights.

22        74.    By reason of Defendants' conduct, POM has sustained and will

23  continue to sustain substantial injury, loss, and damage, as set forth above.

24        75.    Further irreparable harm and injury to POM is imminent as a result of

25  Defendants' conduct, and POM is without an adequate remedy at law.

26        76.    POM is therefore entitled to an injunction restraining Defendants, their

27  agents, employees, representatives, distributors and all persons acting in concert

28  with them, from engaging in further acts of unfair competition.

1    77.    POM is further entitled to recover from Defendants the damages

2  sustained by POM as a result of Defendants' acts of unfair competition.  POM is at

3  present unable to ascertain the full extent of the monetary damages it has suffered by

4  reason of Defendants' acts of unfair competition.

5    78.    Finally, POM is informed and believes, and based thereon alleges, that

6  Defendants' conduct has been intentional and willful and in conscious disregard of

7  POM's rights and, therefore, POM is entitled to exemplary or punitive damages

8  under California Civil Code Section 3294 in an amount appropriate to punish

9  Defendants and to make an example of Defendants to the community at large.

10                    **PRAYER FOR RELIEF**

11    WHEREFORE, POM prays for judgment against Defendants as follows:

12    1.    That the Court enter judgment against each Defendant that:

13        a.    Defendants infringed the rights of POM in their federally

14  registered trademarks in violation of 15 U.S.C. Section 1114;

15        b.    Defendants infringed POM's rights in the POM Marks in

16  violation of 15 U.S.C. Section 1125;

17        c.    Defendants engaged in unfair competition and deceptive acts and

18  practices in violation of California Business & Professions Code Sections 17200,

19  17500, et seq.;

20        d.    Defendants engaged in unfair competition and deceptive acts and

21  practices in violation of California common law;

22        e.    That the Court enter judgment against each Defendant that the

23  above acts, 1(a)-(e), were willful and intentional, making this an exceptional case;

24    2.    That the Court issue a preliminary and permanent injunction enjoining

25  and restraining Defendants and their agents, employees, successors, assigns and all

26  other persons acting in concert or in conspiracy with or affiliated with Defendants

27  from:

28        a.    Engaging in any infringing activity including advertising,

{079308.1}

13

1   promoting, marketing, franchising, distributing, selling, and offering for sale any

2   goods or services in connection with the infringing product identified herein or any

3   product or mark similar to the POM Marks in any media, whether in person, in print

4   or by electronic or digital means including but not limited to newspapers,

5   magazines, bus shelters, billboards as well as via the Internet, including but not

6   limited to, company websites, promotional websites, social media websites,

7   YouTube or other video-related websites, food reviewing websites, blogs, email,

8   SMS and the like; and

9         b.      Requiring Defendants to deliver up to POM for destruction any

10   and all packaging, advertising and promotional materials in Defendants' possession,

11   custody or control which contain the infringing products, marks, and/or designs, and

12   any and all infringing products in their possession, custody or control which include

13   the POM Marks.

14         3.      That the Court issue an Order at the conclusion of the present matter

15   that all infringing products be recalled, seized, impounded and destroyed.

16         4.      That POM be awarded damages for Defendants' trademark

17   infringement,  and for unfair competition under California common law.

18         5.      That POM be awarded all profits and restitution resulting from

19   Defendants' infringement of POM's rights and by means of Defendants' unfair

20   competition with POM.

21         6.      That Defendants be ordered to account for and disgorge to POM all

22   amounts by which Defendants have been unjustly enriched by reason of the

23   unlawful acts complained of.

24         7.      That damages resulting from Defendants' infringement under the

25   Lanham Act be trebled due to Defendants' willfulness in accordance with the

26   provisions of 15 U.S.C. Section 1117.

27         8.      That POM be awarded exemplary or punitive damages in an amount

28   appropriate to punish Defendants and to make an example of the Defendants to the

1   community.

2        9.      That, at POM's election, POM be awarded an amount sufficient to

3   reimburse POM for the costs of corrective advertising.

4        10.     For pre-judgment interest on all infringement and other appropriate

5   damages.

6        11.     That the Court award POM its reasonable attorneys' fees pursuant to 15

7   U.S.C. § 1117, 17 U.S.C. Section 505, California law, and any other applicable

8   provision of law.

9        12.     That the Court award POM its costs of suit incurred herein.

10       13.     For such other or further relief as the Court may deem just and proper.

11

12  DATED:  October 11, 2013          ROLL LAW GROUP PC

13

14

15                                    By: _____
                                          Michael M. Vasseghi
16                                        Attorneys for POM WONDERFUL LLC

17

18                          **DEMAND FOR JURY TRIAL**

19       Plaintiff POM Wonderful LLC hereby demands a jury trial in connection with

20  this action.

21

22

23  DATED:  October 11, 2013          ROLL LAW GROUP PC

24

25                                    By: _____
                                          Michael M. Vasseghi
26                                        Attorneys for POM WONDERFUL LLC

27

28

{079308.1}                           15

# Exhibit A

  

17

  

18

 

19

 

20





21



# Exhibit B

Int. Cl.: 32

Prior U.S. Cls.: 45, 46, and 48

## United States Patent and Trademark Office

Reg. No. 2,637,053
Registered Oct. 15, 2002

### TRADEMARK
### PRINCIPAL REGISTER

# POM

POM WONDERFUL LLC (DELAWARE LIMITED LIABILITY COMPANY)

11444 W. OLYMPIC BLVD.

LOS ANGELES, CA 90064 BY CHANGE OF NAME PARAMOUNT JUICE COMPANY LLC (DELAWARE LIMITED LIABILITY COMPANY) LOS ANGELES, CA 90064

FOR: FRUIT JUICES, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 4-11-2002; IN COMMERCE 4-11-2002.

SN 76-245,687, FILED 4-24-2001.

CHRISTOPHER LAW, EXAMINING ATTORNEY

Int. Cls.: 31 and 32

Prior U.S. Cls.: 1, 45, 46 and 48

## United States Patent and Trademark Office

Reg. No. 3,047,447

Registered Jan. 24, 2006

## TRADEMARK
### PRINCIPAL REGISTER



POM WONDERFUL LLC (DELAWARE LTD LIAB CO)

11444 WEST OLYMPIC BOULEVARD
10TH FLOOR
LOS ANGELES, CA 90064

FOR: FRESH FRUITS, IN CLASS 31 (U.S. CLS. 1 AND 46).

FIRST USE 10-15-2001; IN COMMERCE 10-15-2001.

FOR: FRUIT JUICES AND FRUIT JUICE CONCENTRATES, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 9-16-2002; IN COMMERCE 1-13-2003.

THE MARK CONTAINS THE WORD POM WITH A HEART DESIGN IN PLACE OF THE LETTER "O".

SER. NO. 76-553,991, FILED 10-6-2003.

KATHRYN COWARD, EXAMINING ATTORNEY

Int. Cl.: 31

Prior U.S. Cls.: 1 and 46

## United States Patent and Trademark Office

Reg. No. 2,640,835

Registered Oct. 22, 2002

## TRADEMARK
### PRINCIPAL REGISTER

## POM WONDERFUL

POM WONDERFUL LLC (DELAWARE LIMITED LIABILITY COMPANY)

11444 W. OLYMPIC BLVD.

LOS ANGELES, CA 90064 BY CHANGE OF NAME PARAMOUNT JUICE COMPANY LLC (DELAWARE LIMITED LIABILITY COMPANY) LOS ANGELES, CA 90064

FOR: FRESH FRUITS, IN CLASS 31 (U.S. CLS. 1 AND 46).

FIRST USE 4-11-2002; IN COMMERCE 4-11-2002.

SN 76-244,362, FILED 4-19-2001.

CHRISTOPHER LAW, EXAMINING ATTORNEY

# United States of America

## United States Patent and Trademark Office

# POM WONDERFUL

**Reg. No. 3,687,491**
Registered Sep. 22, 2009

**Int. Cls.: 5, 29, 30, and 32**

**TRADEMARK**
**PRINCIPAL REGISTER**

POMWONDERFUL LLC (DELAWARE LIMITED LIABILITY COMPANY)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: FOOD, DIETARY AND NUTRITIONAL SUPPLEMENTS, INCLUDING ANTIOXIDANT SUPPLEMENTS AND SUPPLEMENTS DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; NUTRACEUTICALS FOR USE AS A DIETARY SUPPLEMENT, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; ANTI-CANCER PREPARATIONS; PHARMACEUTICAL PRODUCTS AND PREPARATIONS, INCLUDING PREPARATIONS DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, FOR THE TREATMENT OF VIRAL AND INFECTIOUS DISEASES, INCLUDING FOR THE TREATMENT OF CANCER, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 5-0-2007; IN COMMERCE 5-0-2007.

FOR: FROZEN FRUITS, IN CLASS 29 (U.S. CL. 46).

FIRST USE 6-0-2006; IN COMMERCE 6-0-2006.

FOR: TOPPING SYRUP; ICED TEA AND TEA-BASED BEVERAGES WITH FRUIT FLAVORING, IN CLASS 30 (U.S. CL. 46).

FIRST USE 2-1-2006; IN COMMERCE 3-6-2006.

FOR: NON-ALCOHOLIC FRUIT EXTRACTS USED IN THE PREPARATION OF BEVERAGES; PREPARATIONS FOR MAKING FRUIT DRINKS; FRUIT FLAVORED BEVERAGES; NON-ALCOHOLIC BEVERAGES CONTAINING FRUIT JUICES; SMOOTHIES; BOTTLED WATER; NON-ALCOHOLIC BEVERAGES WITH TEA FLAVOR; LOW CALORIE FRUIT FLAVORED BEVERAGES; LOW CALORIE FRUIT JUICE DRINKS; LOW CALORIE TEA FLAVORED BEVERAGES, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 6-30-2004; IN COMMERCE 6-30-2004.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,637,053, 2,960,193, AND OTHERS.

SN 78-628,764, FILED 5-12-2005.

PAUL E. FAHRENKOPF, EXAMINING ATTORNEY

*David J. Kappos*

Director of the United States Patent and Trademark Office

Int. Cls.: 31 and 32

Prior U.S. Cls.: 1, 45, 46 and 48

**United States Patent and Trademark Office**

Reg. No. 2,864,641
Registered July 20, 2004

## TRADEMARK
### PRINCIPAL REGISTER



POM WONDERFUL LLC (DELAWARE LTD LIAB CO)
11444 WEST OLYMPIC BOULEVARD
10TH FLOOR
LOS ANGELES, CA 90064

FOR: FRESH FRUITS, IN CLASS 31 (U.S. CLS. 1 AND 46).

FIRST USE 10-15-2001; IN COMMERCE 10-15-2001.

FOR: FRUIT JUICES AND FRUIT JUICE CONCENTRATES, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 9-16-2002; IN COMMERCE 1-13-2003.

OWNER OF U.S. REG. NOS. 2,637,053, 2,780,314 AND OTHERS.

THE MARK CONTAINS THE WORDS POM WONDERFUL, WITH A HEART DESIGN IN PLACE OF THE LETTER "O" IN THE WORD "POM".

SER. NO. 76-534,468, FILED 8-4-2003.

BARBARA GAYNOR, EXAMINING ATTORNEY

**Int. Cls.: 31 and 32**

**Prior U.S. Cls.: 1, 45, 46, and 48**

## United States Patent and Trademark Office

**Reg. No. 2,780,314**
Registered Nov. 4, 2003

### TRADEMARK
#### PRINCIPAL REGISTER



POM WONDERFUL LLC (DELAWARE LIMITED
  LIABILITY COMPANY)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

  FOR: FRESH FRUITS, IN CLASS 31 (U.S. CLS. 1
AND 46).

  FIRST USE 10-15-2001; IN COMMERCE 10-15-2001.

  FOR: FRUIT JUICES AND FRUIT JUICE CON-
CENTRATES, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

  FIRST USE 10-15-2001; IN COMMERCE 10-15-2001.

  THE MARK CONTAINS THE WORD "POM",
AND THE WORD "WONDERFUL" IN RED, THE
SAME RED SHADE OF WHICH IS ALSO WITHIN
THE HEART OF THE "POM".

  SN 76-347,919, FILED 12-11-2001.

  MARK T. MULLEN, EXAMINING ATTORNEY

# United States of America

## United States Patent and Trademark Office

# POM
# WONDERFUL

**Reg. No. 3,687,492** POMWONDERFUL LLC (DELAWARE LIMITED LIABILITY COMPANY)
Registered Sep. 22, 2009   11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

**Int. Cls.: 5, 29, 30, and** FOR: FOOD, DIETARY AND NUTRITIONAL SUPPLEMENTS, INCLUDING ANTIOXIDANT
**32** SUPPLEMENTS AND SUPPLEMENTS DERIVED FROM AND CONTAINING POMEGRANATE
EXTRACTS AND PLANT EXTRACTS, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND
PILLS; NUTRACEUTICALS FOR USE AS A DIETARY SUPPLEMENT, INCLUDING
**TRADEMARK** POWDERS, LIQUIDS, CAPSULES, AND PILLS; ANTI-CANCER PREPARATIONS; PHAR-
**PRINCIPAL REGISTER** MACEUTICAL PRODUCTS AND PREPARATIONS, INCLUDING PREPARATIONS DERIVED
FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, FOR
THE TREATMENT OF VIRAL AND INFECTIOUS DISEASES, INCLUDING FOR THE
TREATMENT OF CANCER, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 5-0-2007; IN COMMERCE 5-0-2007.

FOR: FROZEN FRUITS, IN CLASS 29 (U.S. CL. 46).

FIRST USE 6-0-2006; IN COMMERCE 6-0-2006.

FOR: TOPPING SYRUP; ICED TEA AND TEA-BASED BEVERAGES WITH FRUIT FLAVOR-
ING, IN CLASS 30 (U.S. CL. 46).

FIRST USE 2-1-2006; IN COMMERCE 3-6-2006.

FOR: NON-ALCOHOLIC FRUIT EXTRACTS USED IN THE PREPARATION OF BEVERAGES;
PREPARATIONS FOR MAKING FRUIT DRINKS; FRUIT FLAVORED BEVERAGES; NON-
ALCOHOLIC BEVERAGES CONTAINING FRUIT JUICES; SMOOTHIES; NON-ALCOHOLIC
BEVERAGES WITH TEA FLAVOR; LOW CALORIE FRUIT FLAVORED BEVERAGES; LOW
CALORIE FRUIT JUICE DRINKS; LOW CALORIE TEA FLAVORED BEVERAGES, IN CLASS
32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 6-30-2004; IN COMMERCE 6-30-2004.

OWNER OF U.S. REG. NOS. 2,637,053, 2,960,193, AND OTHERS.

THE MARK CONSISTS OF THE WORDS "POM WONDERFUL", WITH A HEART DESIGN
IN PLACE OF THE LETTER "O" IN THE WORD "POM".

*David J. Kappos*

Director of the United States Patent and Trademark Office

30

**Reg. No. 3,687,492** SN 78-628,813, FILED 5-12-2005.

PAUL E. FAHRENKOPF, EXAMINING ATTORNEY

Int. Cls.: 30 and 32

Prior U.S. Cls.: 45, 46 and 48

**United States Patent and Trademark Office**

Reg. No. 3,411,595
Registered Apr. 15, 2008

**TRADEMARK**
**PRINCIPAL REGISTER**

# POM TEA

POMWONDERFUL LLC (DELAWARE LTD LIAB CO)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: ICED TEAS AND TEA-BASED BEVERAGES WITH POMEGRANATE FLAVORING, IN CLASS 30 (U.S. CL. 46).

FIRST USE 2-1-2006; IN COMMERCE 3-6-2006.

FOR: NON-ALCOHOLIC FRUIT EXTRACTS USED IN THE PREPARATION OF BEVERAGES, PREPARATIONS FOR MAKING FRUIT DRINKS, FRUIT FLAVORED BEVERAGES, NON-ALCOHOLIC BEVERAGES CONTAINING FRUIT JUICES, NON-ALCOHOLIC BEVERAGES WITH TEA FLAVOR, LOW CALORIE FRUIT FLAVORED BEVERAGES, LOW CALORIE TEA FLAVORED BEVERAGES, ALL MADE IN WHOLE OR SIGNIFI-

CANT PART OF POMEGRANATE JUICE, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 2-1-2006; IN COMMERCE 3-6-2006.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,637,053, 3,047,447 AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "TEA", APART FROM THE MARK AS SHOWN.

SER. NO. 77-249,106, FILED 8-7-2007.

BRIAN CALLAGHAN, EXAMINING ATTORNEY

Int. Cls.: 30 and 32

Prior U.S. Cls.: 45, 46 and 48

United States Patent and Trademark Office

Reg. No. 3,391,707
Registered Mar. 4, 2008

## TRADEMARK
### PRINCIPAL REGISTER

# LIGHT POM TEA

POMWONDERFUL LLC (DELAWARE LTD LIAB CO)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: ICED TEAS AND TEA-BASED BEVERAGES WITH POMEGRANATE FLAVORING, IN CLASS 30 (U.S. CL. 46).

FIRST USE 6-25-2007; IN COMMERCE 6-25-2007.

FOR: NON-ALCOHOLIC FRUIT EXTRACTS USED IN THE PREPARATION OF BEVERAGES, PREPARATIONS FOR MAKING FRUIT DRINKS, FRUIT FLAVORED BEVERAGES, NON-ALCOHOLIC BEVERAGES CONTAINING FRUIT JUICES, NON-ALCOHOLIC BEVERAGES WITH TEA FLAVOR, LOW CALORIE FRUIT FLAVORED BEVERAGES, LOW CALORIE TEA FLAVORED BEVERAGES, ALL MADE IN WHOLE OR SIGNIFI-

CANT PART OF POMEGRANATE JUICE, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 6-25-2007; IN COMMERCE 6-25-2007.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,637,053, 3,047,447 AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "LIGHT" OR "TEA", APART FROM THE MARK AS SHOWN.

SER. NO. 77-249,295, FILED 8-7-2007.

BRIAN CALLAGHAN, EXAMINING ATTORNEY

Int. Cls.: 30 and 32

Prior U.S. Cls.: 45, 46 and 48

United States Patent and Trademark Office

Reg. No. 3,411,596
Registered Apr. 15, 2008

## TRADEMARK
### PRINCIPAL REGISTER



POMWONDERFUL LLC (DELAWARE LTD LIAB CO)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: ICED TEAS AND TEA-BASED BEVERAGES WITH POMEGRANATE FLAVORING, IN CLASS 30 (U.S. CL. 46).

FIRST USE 6-25-2007; IN COMMERCE 6-25-2007.

FOR: NON-ALCOHOLIC FRUIT EXTRACTS USED IN THE PREPARATION OF BEVERAGES, PREPARATIONS FOR MAKING FRUIT DRINKS, FRUIT FLAVORED BEVERAGES, NON-ALCOHOLIC BEVERAGES CONTAINING FRUIT JUICES, NON-ALCOHOLIC BEVERAGES WITH TEA FLAVOR, LOW CALORIE FRUIT FLAVORED BEVERA-GES, LOW CALORIE TEA FLAVORED BEVERAGES, ALL MADE IN WHOLE OR SIGNIFICANT PART OF POMEGRANATE JUICE, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 6-25-2007; IN COMMERCE 6-25-2007.

OWNER OF U.S. REG. NOS. 2,637,053, 3,047,447 AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "LIGHT" OR "TEA", APART FROM THE MARK AS SHOWN.

SER. NO. 77-249,299, FILED 8-7-2007.

BRIAN CALLAGHAN, EXAMINING ATTORNEY

34

Int. Cls.: 1 and 5

Prior U.S. Cls.: 1, 5, 6, 10, 18, 26, 44, 46, 51, and 52

**United States Patent and Trademark Office**

Reg. No. 3,337,435
Registered Nov. 13, 2007

## TRADEMARK
### PRINCIPAL REGISTER

# POM IN A PILL

POMWONDERFUL LLC (DELAWARE LTD LIAB CO)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: BOTANICAL EXTRACTS, INCLUDING PO-MEGRANATE EXTRACTS, FOR USE IN THE PRE-PARATION OF PHARMACEUTICAL PRODUCTS AND PREPARATIONS , IN CLASS 1 (U.S. CLS. 1, 5, 6, 10, 26 AND 46).

FIRST USE 5-7-2007; IN COMMERCE 5-7-2007.

FOR: FOOD, DIETARY AND NUTRITIONAL SUPPLEMENTS, INCLUDING ANTIOXIDANT SUP-PLEMENTS AND SUPPLEMENTS DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; NUTRACEUTI-CALS FOR USE AS A DIETARY SUPPLEMENT, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; NUTRITIONAL ADDITIVES FOR USE IN FOODS, INCLUDING ANTIOXIDANT ADDI-TIVES AND ADDITIVES DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, INCLUDING POWDERS, LI-QUIDS, CAPSULES, AND PILLS; ANTI-CANCER PREPARATIONS; PHARMACEUTICAL PRODUCTS AND PREPARATIONS, INCLUDING PREPARA-TIONS DERIVED FROM AND CONTAINING PO-MEGRANATE EXTRACTS AND PLANT EXTRACTS, FOR THE TREATMENT OF VIRAL AND INFECTIOUS DISEASES, INCLUDING FOR THE TREATMENT OF CANCER, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 5-7-2007; IN COMMERCE 5-7-2007.

THE MARK CONSISTS OF STANDARD CHAR-ACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 78-961,648, FILED 8-28-2006.

JAMES MACFARLANE, EXAMINING ATTORNEY

Int. Cls.: **1 and 5**

Prior U.S. Cls.: **1, 5, 6, 10, 18, 26, 44, 46, 51, and 52**

## United States Patent and Trademark Office

Reg. No. 3,332,875
Registered Nov. 6, 2007

### TRADEMARK
### PRINCIPAL REGISTER



POMWONDERFUL LLC (DELAWARE LTD LIAB CO)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: BOTANICAL EXTRACTS, INCLUDING PO-MEGRANATE EXTRACTS, FOR USE IN THE PRE-PARATION OF PHARMACEUTICAL PRODUCTS AND PREPARATIONS , IN CLASS 1 (U.S. CLS. 1, 5, 6, 10, 26 AND 46).

FIRST USE 5-7-2007; IN COMMERCE 5-7-2007.

FOR: FOOD, DIETARY AND NUTRITIONAL SUPPLEMENTS, INCLUDING ANTIOXIDANT SUP-PLEMENTS AND SUPPLEMENTS DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; NUTRACEUTI-CALS FOR USE AS A DIETARY SUPPLEMENT, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; NUTRITIONAL ADDITIVES FOR USE IN FOODS, INCLUDING ANTIOXIDANT ADDI-TIVES AND ADDITIVES DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, INCLUDING POWDERS, LI-QUIDS, CAPSULES, AND PILLS; ANTI-CANCER PREPARATIONS; PHARMACEUTICAL PRODUCTS AND PREPARATIONS, INCLUDING PREPARA-TIONS DERIVED FROM AND CONTAINING PO-MEGRANATE EXTRACTS AND PLANT EXTRACTS, FOR THE TREATMENT OF VIRAL AND INFECTIOUS DISEASES, INCLUDING FOR THE TREATMENT OF CANCER, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 5-7-2007; IN COMMERCE 5-7-2007.

THE MARK CONSISTS OF THE WORD POM WITH A HEART DESIGN IN PLACE OF THE LETTER O.

SN 78-969,991, FILED 9-8-2006.

JENNY PARK, EXAMINING ATTORNEY

36

Int. Cl.: 32

Prior U.S. Cls.: 45, 46, and 48

## United States Patent and Trademark Office

Reg. No. 2,944,481

Registered Apr. 26, 2005

## TRADEMARK
### PRINCIPAL REGISTER

## POM POWER

POMWONDERFUL LLC (DELAWARE LTD LIAB CO)
11444 WEST OLYMPIC BOULEVARD
10TH FLOOR
LOS ANGELES, CA 90064

FOR: FRUIT SMOOTHIES, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 2-10-2003; IN COMMERCE 5-3-2003.

OWNER OF U.S. REG. NOS. 2,637,053, 2,644,365, AND OTHERS.

SN 76-486,863, FILED 2-3-2003.

TRACY WHITAKER-BOWN, EXAMINING ATTORNEY

Int. Cls.: 5 and 29

Prior U.S. Cls.: 6, 18, 44, 46, 51, and 52

## United States Patent and Trademark Office

Reg. No. 3,674,405
Registered Aug. 25, 2009

### TRADEMARK
### PRINCIPAL REGISTER

# POMx

POMWONDERFUL LLC (DELAWARE LIMITED
    LIABILITY COMPANY)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: NUTRITION BARS FOR USE AS A FUNC-
TIONAL FOOD DESIGNED TO PROVIDE SPECIFIC
HEALTH BENEFITS, NAMELY, NUTRITION BARS
FOR USE AS A MEAL REPLACEMENT AND NU-
TRITION BARS FOR USE AS A DIETARY SUPPLE-
MENT, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 4-27-2009; IN COMMERCE 4-27-2009.

FOR: NUTRITION BARS FOR USE AS A FUNC-
TIONAL FOOD DESIGNED TO PROVIDE SPECIFIC
HEALTH BENEFITS, NAMELY, NUTRITIONAL
FRUIT AND NUT BASED ENERGY AND SNACK
FOOD BARS; FRUIT AND NUT BASED SNACK
BARS, IN CLASS 29 (U.S. CL. 46).

FIRST USE 4-27-2009; IN COMMERCE 4-27-2009.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

SN 77-611,932, FILED 11-11-2008.

JANICE KIM, EXAMINING ATTORNEY

Int. Cls.: **1, 5, 30, and 32**

Prior U.S. Cls.: **1, 5, 6, 10, 18, 26, 44, 45, 46, 48, 51, and 52**

## United States Patent and Trademark Office

Reg. No. **3,562,517**
Registered Jan. 13, 2009

## TRADEMARK
### PRINCIPAL REGISTER



POMWONDERFUL LLC (DELAWARE LIMITED LIABILITY COMPANY)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: BOTANICAL EXTRACTS, INCLUDING PO- MEGRANATE EXTRACTS, FOR USE IN THE PRE- PARATION OF PHARMACEUTICAL PRODUCTS AND PREPARATIONS; BOTANICAL EXTRACTS, INCLUDING POMEGRANATE EXTRACTS, FOR USE IN THE PREPARATION OF COSMETIC AND SKIN CARE PRODUCTS, IN CLASS 1 (U.S. CLS. 1, 5, 6, 10, 26 AND 46).

FIRST USE 5-7-2007; IN COMMERCE 5-7-2007.

FOR: FOOD, DIETARY AND NUTRITIONAL SUPPLEMENTS, INCLUDING ANTIOXIDANT SUP- PLEMENTS AND SUPPLEMENTS DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; NUTRACEUTI- CALS FOR USE AS A DIETARY SUPPLEMENT, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; NUTRITIONAL ADDITIVES FOR USE IN FOODS, INCLUDING ANTIOXIDANT ADDI- TIVES AND ADDITIVES DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, INCLUDING POWDERS, LI- QUIDS, CAPSULES, AND PILLS; NUTRITIONALLY FORTIFIED BEVERAGES; ANTI-CANCER PRE- PARATIONS; PHARMACEUTICAL PRODUCTS AND PREPARATIONS, INCLUDING PREPARA- TIONS DERIVED FROM AND CONTAINING PO-

MEGRANATE EXTRACTS AND PLANT EXTRACTS, FOR THE TREATMENT OF VIRAL AND INFECTIOUS DISEASES, INCLUDING FOR THE TREATMENT OF CANCER; DRUG DELIVERY AGENTS CONSISTING OF COMPOUNDS THAT FACILITATE DELIVERY OF PHARMACEUTICALS; NUTRITIONALLY ENHANCED WATER; VITAMIN ENHANCED WATER, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 5-7-2007; IN COMMERCE 5-7-2007.

FOR: POMEGRANATE EXTRACTS FOR USE AS AN INGREDIENT IN FOOD PRODUCTS, IN CLASS 30 (U.S. CL. 46).

FIRST USE 5-7-2007; IN COMMERCE 5-7-2007.

FOR: NON-ALCOHOLIC FRUIT EXTRACTS USED IN THE PREPARATION OF BEVERAGES; POMEGRANATE EXTRACTS FOR USE AS AN INGREDIENT IN BEVERAGES, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 3-6-2006; IN COMMERCE 3-6-2006.

OWNER OF U.S. REG. NOS. 2,637,053, 2,960,193, AND OTHERS.

THE MARK CONSISTS OF THE WORD "POMX", WITH A HEART DESIGN IN PLACE OF THE LETTER "O" IN THE WORD "POM" AND WITH A SUBSCRIPT LETTER "X" CONNECTED TO THE LETTER "M" IN THE WORD "POM".

SN 78-664,836, FILED 7-6-2005.

PAUL E. FAHRENKOPF, EXAMINING ATTORNEY

# United States of America

## United States Patent and Trademark Office



**Reg. No. 3,791,124**

**Registered May 18, 2010**

**Int. Cls.: 5 and 29**

**TRADEMARK**

**PRINCIPAL REGISTER**

POMWONDERFUL LLC (DELAWARE LIMITED LIABILITY COMPANY)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: NUTRITION BARS FOR USE AS A FUNCTIONAL FOOD DESIGNED TO PROVIDE SPECIFIC HEALTH BENEFITS, NAMELY, NUTRITION BARS FOR USE AS A MEAL RE-PLACEMENT AND NUTRITION BARS FOR USE AS A DIETARY SUPPLEMENT, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 4-27-2009; IN COMMERCE 4-27-2009.

FOR: NUTRITION BARS FOR USE AS A FUNCTIONAL FOOD DESIGNED TO PROVIDE SPECIFIC HEALTH BENEFITS, NAMELY, NUTRITIONAL FRUIT AND NUT BASED ENERGY AND SNACK FOOD BARS; FRUIT AND NUT BASED SNACK BARS, IN CLASS 29 (U.S. CL. 46).

FIRST USE 4-27-2009; IN COMMERCE 4-27-2009.

OWNER OF U.S. REG. NOS. 3,047,447, 3,562,517, AND OTHERS.

THE MARK CONSISTS OF THE WORD "POMX", WITH A HEART DESIGN IN PLACE OF THE LETTER "O" IN THE WORD "POM" AND WITH A SUBSCRIPT LETTER "X" CONNEC-TED TO THE LETTER "M" IN THE WORD "POM".

SN 77-674,156, FILED 2-19-2009.

TOBY BULLOFF, EXAMINING ATTORNEY

Director of the United States Patent and Trademark Office

41

Int. Cl.: 5

Prior U.S. Cls.: 6, 18, 44, 46, 51, and 52

**United States Patent and Trademark Office**

Reg. No. 3,667,882
Registered Aug. 11, 2009

**TRADEMARK**
**PRINCIPAL REGISTER**

# POMx SHOTS

POMWONDERFUL LLC (DELAWARE LIMITED LIABILITY COMPANY)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: NUTRACEUTICALS, NAMELY, NUTRA-CEUTICALS BEVERAGES FOR USE AS A DIETARY SUPPLEMENT; NUTRITIONALLY FORTIFIED BEVERAGES; NUTRITIONALLY FORTIFIED WATER; VITAMIN ENRICHED WATER, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 4-27-2009; IN COMMERCE 4-27-2009.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,637,053 AND 2,960,193.

SN 78-780,508, FILED 12-23-2005.

GEOFFREY FOSDICK, EXAMINING ATTORNEY

Int. Cls.: 30 and 32

Prior U.S. Cls.: 45, 46 and 48

United States Patent and Trademark Office

Reg. No. 3,208,934
Registered Feb. 13, 2007

## TRADEMARK
## PRINCIPAL REGISTER

# POWERED BY POMx

POMWONDERFUL LLC (DELAWARE LTD LIAB CO)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: TEA; PREPARED READY-TO-DRINK TEA; TEA-BASED PREPARATION FOR MAKING BEVERAGES; ICED TEA; TEA-BASED BEVERAGES WITH FRUIT FLAVORING; FRUIT TEA AND BEVERAGES MADE OF TEA, IN CLASS 30 (U.S. CL. 46).

FIRST USE 3-31-2006; IN COMMERCE 3-31-2006.

FOR: NON-ALCOHOLIC FRUIT EXTRACTS USED IN THE PREPARATION OF BEVERAGES; PREPARATIONS FOR MAKING FRUIT DRINKS; FRUIT FLAVORED BEVERAGES; NON-ALCOHOLIC BEVERAGES CONTAINING FRUIT JUICES; SMOOTHIES; BOTTLED DRINKING WATER;

NON-ALCOHOLIC BEVERAGES WITH TEA FLAVOR; LOW CALORIE FRUIT FLAVORED BEVERAGES; LOW CALORIE FRUIT JUICE DRINKS; SPORTS DRINKS; ENERGY DRINKS; LOW CALORIE NON-ALCOHOLIC BEVERAGES WITH TEA FLAVOR, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 3-31-2006; IN COMMERCE 3-31-2006.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 78-867,070, FILED 4-21-2006.

BARBARA A. LOUGHRAN, EXAMINING ATTORNEY

Int. Cls.: 31 and 32

Prior U.S. Cls.: 1, 45, 46, and 48

## United States Patent and Trademark Office

Reg. No. 3,436,526

Registered May 27, 2008

## TRADEMARK
### PRINCIPAL REGISTER

# P♥megranate

POMWONDERFUL LLC (DELAWARE LTD LIAB CO)
11444 WEST OLYMPIC BOULEVARD
10TH FLOOR
LOS ANGELES, CA 90064

FOR: FRESH FRUITS, IN CLASS 31 (U.S. CLS. 1 AND 46).

FIRST USE 10-0-2002; IN COMMERCE 10-0-2002.

FOR: FRUIT JUICES AND FRUIT JUICE CONCENTRATES, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 11-0-2003; IN COMMERCE 11-0-2003.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "POMEGRANATE", APART FROM THE MARK AS SHOWN.

THE MARK CONTAINS A HEART DESIGN IN PLACE OF THE LETTER "O" IN THE WORD "POMEGRANATE".

SN 76-556,753, FILED 10-22-2003.

HOWARD B. LEVINE, EXAMINING ATTORNEY

44

Int. Cls.: 1, 5, 30, and 32

Prior U.S. Cls.: 1, 5, 6, 10, 18, 26, 44, 45, 46, 48, 51, and 52

## United States Patent and Trademark Office

Reg. No. 3,562,516

Registered Jan. 13, 2009

### TRADEMARK
### PRINCIPAL REGISTER

# POMx

POMWONDERFUL LLC (DELAWARE LIMITED LIABILITY COMPANY)
11444 W. OLYMPIC BLVD., 10TH FLOOR
LOS ANGELES, CA 90064

FOR: BOTANICAL EXTRACTS, INCLUDING PO-MEGRANATE EXTRACTS, FOR USE IN THE PRE-PARATION OF PHARMACEUTICAL PRODUCTS AND PREPARATIONS; BOTANICAL EXTRACTS, INCLUDING POMEGRANATE EXTRACTS, FOR USE IN THE PREPARATION OF COSMETIC AND SKIN CARE PRODUCTS, IN CLASS 1 (U.S. CLS. 1, 5, 6, 10, 26 AND 46).

FIRST USE 5-7-2007; IN COMMERCE 5-7-2007.

FOR: DIETARY AND NUTRITIONAL SUPPLE-MENTS, INCLUDING ANTIOXIDANT SUPPLE-MENTS AND SUPPLEMENTS DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; NUTRACEUTI-CALS FOR USE AS A DIETARY SUPPLEMENT, INCLUDING POWDERS, LIQUIDS, CAPSULES, AND PILLS; NUTRITIONAL ADDITIVES FOR USE IN FOODS, INCLUDING ANTIOXIDANT ADDI-TIVES AND ADDITIVES DERIVED FROM AND CONTAINING POMEGRANATE EXTRACTS AND PLANT EXTRACTS, INCLUDING POWDERS, LI-QUIDS, CAPSULES, AND PILLS; ANTI-CANCER PREPARATIONS; PHARMACEUTICAL PRODUCTS AND PREPARATIONS, INCLUDING PREPARA-TIONS DERIVED FROM AND CONTAINING PO-MEGRANATE EXTRACTS AND PLANT

EXTRACTS, FOR THE TREATMENT OF VIRAL AND INFECTIOUS DISEASES, INCLUDING FOR THE TREATMENT OF CANCER; NUTRITIONALLY FORTIFIED BEVERAGES, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 5-7-2007; IN COMMERCE 5-7-2007.

FOR: POMEGRANATE EXTRACTS FOR USE AS AN INGREDIENT IN FOOD PRODUCTS, IN CLASS 30 (U.S. CL. 46).

FIRST USE 5-7-2007; IN COMMERCE 5-7-2007.

FOR: NON-ALCOHOLIC FRUIT EXTRACTS USED IN THE PREPARATION OF BEVERAGES; POMEGRANATE EXTRACTS FOR USE AS AN INGREDIENT IN BEVERAGES, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 3-6-2006; IN COMMERCE 3-6-2006.

THE MARK CONSISTS OF STANDARD CHAR-ACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,637,053, 2,960,193, AND OTHERS.

SN 78-664,816, FILED 7-6-2005.

PAUL E. FAHRENKOPF, EXAMINING ATTORNEY

# Exhibit C



























# Exhibit D



Webpage Screenshot

 pūr BEVERAGES    LIVE PURE • THINK PURE • DRINK pūr    

HOME          DRINK PŪR ⌄          LIVE PŪR ⌄          CONTACT PŪR ⌄

 pŏm pomegranate

Pur Pom is a great tasting Pomegranate drink that refreshes and energizes your body with only the finest of natures ingredients including vitamins, fruits and a unique proprietary blend of all natural supplements designed to power and heal your body. This delicious Pomegranate beverage will give you a boost of natural energy without the chemicals you will find in other energy drinks.

- Pur Pom is rich in B-Vitamins for energy with no caffeine or any other harmful additives
- Low calorie, low sugar beverage with no preservatives to leave your mind feeling as good as your body!
- Pure Cane Sugar offers a healthy, natural boost of energy without the negative effects of processed sugar
- Natural healing and revitalization from Pomegranate, Acai Berry, Blueberry and purified water



 Key Ingredients

→  B Vitamins

→  Ginseng

→  Cane Sugar

→  Pure Water

✕  Pomegranate

The naturally abundant polyphenols in pomegranate juice have long been known as a "miracle" antioxidant that can help prevent heart disease, viral infections and even the common cold.

pŏm → SUPERCHARGED WITH GINSENG ROOT EXTRACT

 pūr BEVERAGES

Pur Beverages are the most amazing line of beverages on the market today. Pur Beverages are designed using key vitamins and minerals, fruit botanicals and other natural supplements, that support the body by providing energy and nutrients not typically found in beverages. Drinking these delicious beverages will help you feel vibrant and increase overall energy levels, the healthy way!

More Pur...

 Renew acai berry energy drink

 rāz Natural Weight Loss

Site designed by Flathead Media • ©2013 Pur Beverages INC. • Distributor Login

Pg. 62