CLERK, U.S. DISTRICT COURT

NOV 2 7 2013

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1    Robert G. Hubbard, JR.
     14728 SE Misty Dr. Ste. 408
2    Happy Valley, OR 97086
     612-998-2086
3    Grubster411@hotmail.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

Case No.: CV-13-06917-PLA

POM WONDERFUL LLC, A DELAWARE LIMITED LIABILITY COMPANY,

     Plaintiff,

vs.

ROBERT G. HUBBARD D/B/A PUR BEVERAGES, PORTLAND BOTTLING COMPANY, AN OREGON COMPANY, AND DOES 1 THROUGH 10, INCLUSIVE,

     Defendant

DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFFS FIRST AMENDED COMPLAINT FOR : FEDERAL TRADEMARK INFRINGEMENT; VIOLATION OF THE LANHAM ACT 43(A); UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE 17200 ET SEQ.; CALIFORNIA COMMON LAW UNFAIR COMPETITION

DEMAND FOR TRIAL BY JURY

Comes now, Robert G. Hubbard, DBA PUR Beverages and Northwest Beverage Distributors, ("Mr. Hubbard"), defendant in the above entitled action, and hereby answer the Plaintiff POM Wonderful LLC ("Plaintiff") amended complaint as follows:

Answering paragraph 1, Mr. Hubbard lacks information sufficient to form a belief as to the allegations contained therein, and on that basis denies each and every allegation.

Answering paragraph 2, Mr. Hubbard denies the allegations of the current location of Mr. Hubbard and his businesses, but admits that Mr. Hubbard is

involved in the manufacture and sale of Pur Pom.  Mr. Hubbard denies any remaining allegations.

Answering paragraph 3, Mr. Hubbard admits that Portland Bottling is located at 1321 NE Couch St. Portland, OR 97232.  Mr. Hubbard admits that Portland Bottling is a co-packer of beverages, and that Mr. Hubbard has paid Portland Bottling to co-pack the drink Pur Pom.  Mr. Hubbard denies any remaining allegations.

Answering paragraph 4, Mr. Hubbard lacks information sufficient to form a belief as to the knowledge of the Plaintiff, or its intent to amend the Complaint, and on that basis denies the allegations.

Answering paragraph 5, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 6, Mr. Hubbard denies that he conducts business and/or distributes products in California.  Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 7, Mr. Hubbard denies that this Court has subject matter jurisdiction.

Answering paragraph 8, Mr. Hubbard denies that the venue is proper in this District, and deny the remaining factual allegations contained therein.

Answering paragraphs 9, Mr. Hubbard lacks information sufficient to form a belief in regards to the Plaintiff's allegations, and on that basis, denies each and every allegation.

DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFFS FIRST AMENDED COMPLAINT FOR : FEDERAL TRADEMARK INFRINGEMENT; VIOLATION OF THE LANHAM ACT 43(A); UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE 17200 ET SEQ.; CALIFORNIA COMMON LAW UNFAIR COMPETITION - 2

Answering paragraphs 10, Mr. Hubbard lacks information sufficient to form a belief in regards to the Plaintiff's allegations, and on that basis, denies each and every allegation.

Answering paragraphs 11, Mr. Hubbard lacks information sufficient to form a belief in regards to the Plaintiff's allegations, and on that basis, denies each and every allegation.

Answering paragraph 12, Mr. Hubbard lacks information sufficient to form a belief in regards to the Plaintiff's allegations, and on that basis, denies each and every allegation.

Answering paragraph 13, Mr. Hubbard denies each and every allegation therein.

Answering paragraph 14, Mr. Hubbard lacks information sufficient to form a belief in regards to the Plaintiff's allegations, and on that basis, denies each and every allegation.

Answering paragraph 15, Mr. Hubbard lacks information sufficient to form a belief in regards to the Plaintiff's allegations, and on that basis, denies each and every allegation.

Answering paragraph 16, Mr. Hubbard lacks information sufficient to form a belief in regards to the Plaintiff's allegations, and on that basis, denies each and every allegation.

Answering paragraph 17, Mr. Hubbard denies each and every allegation contained therein.

DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFFS FIRST AMENDED COMPLAINT FOR : FEDERAL TRADEMARK INFRINGEMENT; VIOLATION OF THE LANHAM ACT 43(A); UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE 17200 ET SEQ.; CALIFORNIA COMMON LAW UNFAIR COMPETITION - 3

Answering paragraph 18, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 19, Mr. Hubbard lacks information sufficient to form a belief in regards to the Plaintiff's allegations, and on that basis, denies each and every allegation.

Answering paragraph 20, Mr. Hubbard lacks information sufficient to form a belief in regards to the Plaintiff's allegations, and on that basis, denies each and every allegation.

Answering paragraph 21, Mr. Hubbard lacks information sufficient to form a belief in regards to the Plaintiff's allegations, and on that basis, denies each and every allegation.

Answering paragraph 22, Mr. Hubbard lacks information sufficient to form a belief in regards to the Plaintiff's allegations, and on that basis, denies each and every allegation.

Answering paragraph 23, Mr. Hubbard lacks information sufficient to form a belief in regards to the Plaintiff's allegations, and on that basis, denies each and every allegation.

Answering paragraph 24, Mr. Hubbard lacks information sufficient to form a belief in regards to the Plaintiff's allegations, and on that basis, denies each and every allegation.

Answering paragraph 25, Mr. Hubbard lacks information sufficient to form a belief in regards to the Plaintiff's allegations, and on that basis, denies each and every allegation.

Answering paragraph 26, Mr. Hubbard lacks information sufficient to form a belief in regards to the Plaintiff's allegations, and on that basis, denies each and every allegation.

Answering paragraph 27, Mr. Hubbard lacks information sufficient to form a belief in regards to the Plaintiff's allegations, and on that basis, denies each and every allegation.

Answering paragraph 28, Mr. Hubbard lacks information sufficient to form a belief in regards to the Plaintiff's allegations, and on that basis, denies each and every allegation.

Answering paragraphs 29, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 30, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 31, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 32, Mr. Hubbard admits manufacturing and selling a beverage named Pur Pom and that Exhibit D is a photocopy of an image of the Pur Pom beverage, but deny that the drink is considered an energy drink, and denies all remaining allegations.

DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFFS FIRST AMENDED COMPLAINT FOR : FEDERAL TRADEMARK INFRINGEMENT; VIOLATION OF THE LANHAM ACT 43(A); UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE 17200 ET SEQ.; CALIFORNIA COMMON LAW UNFAIR COMPETITION - 5

Answering paragraphs 33, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 34, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 35, Mr. Hubbard lacks information sufficient to form a belief in regards to the Plaintiff's allegations, and on that basis, denies each and every allegation.

Answering paragraph 36, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 37, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 38, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 39, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 40, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 41, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 42, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 43, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 44, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 45, Mr. Hubbard repeats its responses to paragraphs 1-44 as though set forth here in full.

Answering paragraph 46, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 47, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 48, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 49, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 50, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 51, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 52, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 53, Mr. Hubbard denies each and every allegation contained therein.

1

2

3

Answering paragraph 54, Mr. Hubbard repeats its responses to paragraphs 1 through 53 as though set forth here in full.

4

5

6

Answering paragraph 55, Mr. Hubbard denies each and every allegation contained therein.

7

8

Answering paragraph 56, Mr. Hubbard denies each and every allegation contained therein.

9

10

11

Answering paragraph 57, Mr. Hubbard denies each and every allegation contained therein.

12

13

14

Answering paragraph 58, Mr. Hubbard denies each and every allegation contained therein.

15

16

17

Answering paragraph 59, Mr. Hubbard denies each and every allegation contained therein.

18

19

20

Answering paragraph 60, Mr. Hubbard denies each and every allegation contained therein.

21

22

Answering paragraph 61, Mr. Hubbard denies each and every allegation contained therein.

23

24

25

Answering paragraph 62, Mr. Hubbard denies each and every allegation contained therein.

26

27

28

Answering paragraph 63, Mr. Hubbard repeats its responses to paragraphs 1 through 62 as though set forth here in full.

29

30

31

Answering paragraph 64, Mr. Hubbard denies each and every allegation contained therein.

32

DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFFS FIRST AMENDED COMPLAINT FOR : FEDERAL TRADEMARK INFRINGEMENT; VIOLATION OF THE LANHAM ACT 43(A); UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE 17200 ET SEQ.; CALIFORNIA COMMON LAW UNFAIR COMPETITION - 8

Answering paragraph 65, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 66, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 67, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 68, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 69, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 70, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 71, Mr. Hubbard repeats his responses to paragraphs 1 through 70 as though set forth here in full.

Answering paragraph 72, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 73, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 74, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 75, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 76, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 77, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 78, Mr. Hubbard denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

Mr. Hubbard sets forth below his affirmative defenses.  By setting forth these affirmative defenses, Mr. Hubbard does not assume the burden of proving any fact, issue, or elements of a cause of action where such burden properly belongs to Plaintiff.  Moreover, nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject matter necessarily is relevant to Plaintiff's allegations.

## FIRST AFFIRMATIVE DEFENSE

(Failure To State A Cause Of Action)

Each cause of action in the Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

(Equitable Defenses)

Plaintiff's claims against Mr. Hubbard are barred, in whole or in part, by the doctrines of laches, unclean hands, estoppel, and waiver.

DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFFS FIRST AMENDED COMPLAINT FOR :
FEDERAL TRADEMARK INFRINGEMENT; VIOLATION OF THE LANHAM ACT 43(A); UNFAIR
COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE 17200 ET SEQ.;
CALIFORNIA COMMON LAW UNFAIR COMPETITION - 10

## THIRD AFFIRMATIVE DEFENSE

### (First Amendment Rights)

The Complaint, and each cause of action therein, is barred to the extent that the conduct complained of is protected by the free speech provisions of the United States constitutions, as well as each respective individual States constitutions.

## FOURTH AFFIRMATIVE DEFENSE

### (Good Faith)

Each cause of action is barred, in whole or in part, because Mr. Hubbard acted in good faith at all times.

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Intent)

Plaintiff's claims based on alleged willful misrepresentations are barred because the representations and actions alleged were not intended to mislead or deceive consumers.

## SIXTH AFFIRMATIVE DEFENSE

### (Puffing)

Plaintiff's claims for false advertising are barred because the alleged deceptive statements were such that no reasonable person could have reasonably relied upon or misunderstood Mr. Hubbard's statements as claims of fact.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unconstitutionality of Monetary Relief)

An award of monetary relief, other than restitution, to Claimant under California's Business and Professions Code Sections 17200 et seq, including but not limited to penalties of any type, would violate the due process provisions of the United States and all other respective states' constitutions, including but not limited to California.

## EIGHTH AFFIRMATIVE DEFENSE

### (Causation is Lacking)

Each cause of action is barred, in whole or in part, because Plaintiff has not sustained any injury or damage by reason of any material act of omission on Mr. Hubbard's part.

## NINTH AFFIRMATIVE DEFENSE

### (Materiality is Lacking)

Each cause of action is barred, in whole or in part, because Plaintiff has not sustained any injury or damage by reason of any material act or omission on Mr. Hubbard's part.

## TENTH AFFIRMATIVE DEFENSE

### (Lack of Reliance)

Plaintiff's claims are barred, in whole or in part, because of the lack of reliance by consumers on the alleged misrepresentations by Mr. Hubbard identified in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Awareness)

Plaintiff's claims are barred, in whole or in part, because consumers lacked awareness of the alleged misrepresentations by Mr. Hubbard described in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

### (Conduct Not Unlawful)

The business practices relating to the allegations in the Claim are not unlawful.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Conduct Not Fraudulent Nor Likely To Deceive)

Mr. Hubbard's conduct is not fraudulent and was not likely to mislead or deceive consumers and/or the public.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Materiality)

Plaintiff's claims based on alleged misrepresentations are barred because the representations alleged by Plaintiff were not material in that, in light of information commonly known to consumers, they were not likely to affect their purchasing decisions. Mr. Hubbard's representations and actions alleged in the Complaint were not likely to mislead consumers acting reasonably under the circumstances.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiff lacks either standing and/or capacity to bring some or all of the claims alleged in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Negligence and/or Misconduct of Others)

If there was any negligence and/or other misconduct proximately causing the damages allegedly sustained by Plaintiff, such negligence and/or other misconduct was that of parties other than Mr. Hubbard, and recovery should be barred or eliminated to that extent.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiff's claims for equitable relief are barred to the extent there is an adequate remedy at law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Right to Injunctive Relief)

To the extent the Complaint seeks injunctive relief, Plaintiff is not entitled to such relief because the hardship that would be imposed on Mr. Hubbard by any such relief would be greatly disproportionate to any hardship that Plaintiff might suffer in its absence.  Further, any injunctive relief that would require regulation by the Court on an ongoing basis is inappropriate, and Mr. Hubbard's advertising, marketing, and trademark activities are already monitored by various federal and state agencies

DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFFS FIRST AMENDED COMPLAINT FOR :
FEDERAL TRADEMARK INFRINGEMENT; VIOLATION OF THE LANHAM ACT 43(A); UNFAIR
COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE 17200 ET SEQ.;
CALIFORNIA COMMON LAW UNFAIR COMPETITION - 14

## NINETEENTH AFFIRMATIVE DEFENSE

(No Right to Punitive or Exemplary Damages)

Plaintiff is not entitled to punitive or exemplary damages on any cause of action alleged in the Complaint. Any award of punitive or exemplary damages would violate the due process and/or equal protection clauses of the California and Unites States constitutions, as well as all other respective states.

## TWENTIETH AFFIRMATIVE DEFENSE

(No Right to Restitution)

While denying that Plaintiff has stated a valid claim or claims under California Business and Professions Codes Sections 17200 et seq., if such claims are found to exist, an order for restitution is barred to the extent that Plaintiff did not pay monies directly to Mr. Hubbard. See, e.g., Korea Supply Co. V. Lockheed Martin Corp., 29 Cal. 4th 1134 (2003).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(No Attorneys' Fees)

Plaintiff's request for attorneys' fees in this matter is barred because it lacks any basis in law or contract.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Unjust Enrichment)

Plaintiff's claims are barred to the extent Plaintiff would be unjustly enriched if allowed to recover any monies claimed to be due in the Complaint.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Damages Caused By Other Causes)

To the extent that Plaintiff suffered any damages, such damages were proximately caused by persons, entities, and/or factors or events other than Mr. Hubbard and for which Mr. Hubbard was and is not responsible.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Without admitting any wrongful conduct on the part of Mr. Hubbard, and without admitting that Plaintiff has suffered any loss, damage or injury, recovery for any such loss, damage, or injury is barred, in whole or in part, because Plaintiff failed to mitigate such loss, damage, or injury.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Lack of Damage)

Plaintiff has not suffered any damage as a result of any actions allegedly taken by Mr. Hubbard, and are thus barred from asserting any claims against Mr. Hubbard.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Justifications/Excuse)

Mr. Hubbard's alleged actions, at all relevant times and places, were necessary to the competitive operation of its business, and Plaintiff's alleged injury, if any, is outweighed by the benefit to the public of Mr. Hubbard's actions.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's claims are barred by the applicable statutes of limitations, if applicable to the various claims pled.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Set-off)

Mr. Hubbard alleges that, even if Plaintiff's claims are meritorious, which Mr. Hubbard denies, those claims are subject to setoff and recoupment.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Federal Preemption)

Plaintiff's claims are expressly and impliedly preempted by federal law, including but not limited to, the laws enforced by the FTC, USPTO, and The Food, Drug and Cosmetic Act.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Safe Harbor)

Plaintiff's state law claims are barred by California's safe harbor doctrine because Mr. Hubbard's alleged actions, at all relevant times and places, were in compliance with applicable law.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Primary/Exclusive Jurisdiction)

Plaintiff's claims are barred by the doctrines of primary and/or exclusive regulatory agency jurisdiction.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

(Compliance with Laws)

Plaintiff's claims are barred because the conduct alleged in the Complaint complies with applicable laws, including but not limited to Food and Drug Administration regulations, The Federal Trade Commission, Trademark and copyright laws of the United States, and The Food, Drug, and Cosmetic Act.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

(Uncertain/Unmanageable Damages)

Plaintiff's requested monetary relief is too speculative and/or remote and/or impossible to prove and/or allocate.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Unclean Hands)

Plaintiff's claims against Mr. Hubbard are barred, in whole or in part, due to unclean hands.  Plaintiff has engaged in naming, labeling, marketing and advertising conduct designed to deceive consumers about its products.  Thus, Plaintiff is seeking to capitalize in this case on the fruits of its own misconduct in the form of misleading labeling and advertising.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Reservations)

Further responding, Mr. Hubbard states that it currently has insufficient knowledge or information on which to form a belief as to whether it

DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFFS FIRST AMENDED COMPLAINT FOR :
FEDERAL TRADEMARK INFRINGEMENT; VIOLATION OF THE LANHAM ACT 43(A); UNFAIR
COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE 17200 ET SEQ.;
CALIFORNIA COMMON LAW UNFAIR COMPETITION - 18

may have additional, as yet unstated, affirmative defenses available.  Mr. Hubbard reserves the right to assert additional affirmative defenses in the even that discovery indicates it would be appropriate.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Fraud)

Plaintiff's claims in regards to Trademark Infringement are barred, if the trademarks claimed were obtained by Plaintiff knowingly making a false representation to the U.S. Patent and Trademark Office (USPTO) regarding a material fact, or else willfully withheld material information, and the USPTO would not have issued the registration but for its reliance on the false representation.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Misuse of Trademark)

Plaintiff's claims are barred, if Plaintiffs have used the mark(s) in violation of any State of Federal Laws.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Acquiescence)

Plaintiff's claims are barred, if Plaintiffs have previously failed to take action against infringing parties, or otherwise indicating, implicitly or explicitly, that nothing will be done about the infringing action.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Fair Use)

DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFFS FIRST AMENDED COMPLAINT FOR :
FEDERAL TRADEMARK INFRINGEMENT; VIOLATION OF THE LANHAM ACT 43(A); UNFAIR
COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE 17200 ET SEQ.;
CALIFORNIA COMMON LAW UNFAIR COMPETITION - 19

Plaintiff's claims are barred, in whole or in part, due to fair use.  Any use of the alleged owned mark(s), was used in a way that is descriptive of Mr. Hubbard's product and the taste therein.  The use of the descriptive name  of "pom", in describing the flavor "pomegranate", was not used as a copyright or trademark, and was used in good faith, barring any and all claims.

## FOURTIETH AFFIRMATIVE DEFENSE

### (Genericness)

Plaintiff's claims are barred, in whole or in part, because the Plaintiff's marks are generic.  The Plaintiff's mark, which has allegedly been infringed, is a mark that describes the entire category or genus of their product(s) that the mark is supposed to distinguish, and thus cannot receive protection under the law. Generic marks are either generic from the outset, or become generic after they become part of the common descriptive name of a category or genus of products.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Abandonment of a Mark)

Plaintiff's claims are barred, in whole or in part, if the Plaintiffs have abandoned the mark.  Abandonment occurs when the trademark owner stops using the mark with no intention to resume using it. Use of a mark in this context means the bona fide use of the mark made in the ordinary course of trade, and not made merely to reserve a right in a mark.  Nonuse is prima facie evidence of abandonment.  Furthermore, any failure to police and enforce a mark can lead to

DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFFS FIRST AMENDED COMPLAINT FOR :
FEDERAL TRADEMARK INFRINGEMENT; VIOLATION OF THE LANHAM ACT 43(A); UNFAIR
COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE 17200 ET SEQ.;
CALIFORNIA COMMON LAW UNFAIR COMPETITION - 20

abandonment if the trademark owner is deemed to have impliedly consented to confusingly similar uses of the mark. If abandonment occurs, all rights in the mark cease.

### FORTY-SECOND AFFIRMATIVE DEFENSE

(Genericide)

Plaintiff's claims are barred in whole or in part, because of their mark becoming genericide.

### FORTY-THIRD AFFIRMATIVE DEFENSE

(No Likelihood of Confusion)

Plaintiff's claims are barred, in whole or in part, because there is no likelihood of confusion between the Plaintiff's marks, and Mr. Hubbard's product Pur Pom.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

(Monopoly)

Plaintiff's claims are barred, in whole or in part, because allowing them to stake claim to the letters "pom", would in essence allow them to claim a monopoly on the letters "pom", no matter how used. Plaintiffs have an extensive track record of filing similar lawsuits against companies using the three letters in sequence, for instance, Plaintiffs are currently litigating against a company with a product called "pompis". Clearly this is just another example of Plaintiffs attempts to gain a monopoly on the word "pom".

**Prayer for Relief**

WHEREFORE, Mr. Hubbard prays for judgment as follows:

1. That Plaintiff take nothing by way of his Complaint and that it be dismissed with prejudice;

2. That the Complaint be dismissed with prejudice and judgment entered in favor of Mr. Hubbard;

3. That Mr. Hubbard be awarded his costs, disbursements and attorneys' fees in this action; and

4. For such other and further relief as this Court deems just and proper.


DATED:  November 25th, 2013


By: _____

Robert G. Hubbard,
Defendant, Pro Se

DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFFS FIRST AMENDED COMPLAINT FOR :
FEDERAL TRADEMARK INFRINGEMENT; VIOLATION OF THE LANHAM ACT 43(A); UNFAIR
COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE 17200 ET SEQ.;
CALIFORNIA COMMON LAW UNFAIR COMPETITION - 22

1
2
## **DEMAND FOR JURY TRIAL**

3     Pursuant to Fed. R. Civ. P. 38(b), Mr. Hubbard demands a trial by jury of all

4
5 Triable issues and affirmative defenses herein.

6
7
8
9
10
11
12 DATED: November 25th, 2013

13
14
15                                                    By: _____

16
17                                                    Robert G. Hubbard
                                                     Defendant, Pro Se
18
19
20
## **Certificate of Service**

21
22 I hereby certify that, on this 25TH day of November, 2013, a true and correct copy of the
23 DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFFS FIRST AMENDED
   COMPLAINT FOR : FEDERAL TRADEMARK INFRINGEMENT; VIOLATION OF THE
24 LANHAM ACT 43(A); UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND
25 PROFESSIONS CODE 17200 ET SEQ.; CALIFORNIA COMMON LAW UNFAIR
   COMPETITION and Demand for Jury Trial was conventionally served on the following by first
26 class U.S. mail at the address below:

27
28                              Roll Law Group pc
                              11444 West Olympic Blvd.
29                            Los Angeles, CA 90064-1557
30                               Tel. 310-966-8400
                                 Fax. 310-966-8810
31                          Attorneys for Pom Wonderful, LLC

32 DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFFS FIRST AMENDED COMPLAINT FOR :
   FEDERAL TRADEMARK INFRINGEMENT; VIOLATION OF THE LANHAM ACT 43(A); UNFAIR
   COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE 17200 ET SEQ.;
   CALIFORNIA COMMON LAW UNFAIR COMPETITION - 23

1
2    DATED:  November 25th, 2013
3                                                      By:
4    _____
5                                                      Robert G. Hubbard
6                                                      Defendant, Pro Se
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32   DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFFS FIRST AMENDED COMPLAINT FOR :
     FEDERAL TRADEMARK INFRINGEMENT; VIOLATION OF THE LANHAM ACT 43(A); UNFAIR
     COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE 17200 ET SEQ.;
     CALIFORNIA COMMON LAW UNFAIR COMPETITION - 24