1
2
3
4
5
6
7

HEATHER L. McCLOSKEY, State Bar No. 193239
E-Mail: hlmccloskey@mwwllp.com
McCLOSKEY, WARING & WAISMAN LLP
1960 East Grand Ave., Suite 580
El Segundo, California 90245
Telephone No.: 310.524.0402
Fax No.: 310.524.0404

Attorneys for Defendant and Counterclaimant
Robert G. Hubbard

8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

WESTERN DIVISION

11
12
13
14
15
16
17
18
19
20
21
22

POM WONDERFUL LLC, a Delaware
limited liability company, THE
WONDERFUL COMPANY LLC, a
Delaware limited liability company

         Plaintiffs,

    vs.

ROBERT G. HUBBARD d/b/a PUR
BEVERAGES, PORTLAND
BOTTLING COMPANY and
Oregonian company, and DOES 1
through 10, inclusive,

       Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:  CV13-06917-RGK(JPRx)

**DEFENDANT'S ANSWER TO
SECOND AMENDED
COMPLAINT, AFFIRMATIVE
DEFENSES AND
COUNTERCLAIM**

**DEMAND FOR TRIAL BY JURY**

23
24
25
26
27
28

1    Comes now, Robert G. Hubbard, DBA PUR Beverages and Northwest

2  Beverage Distributors, ("Mr. Hubbard"), defendant in the above entitled action, and

3  hereby answer, the Plaintiff POM Wonderful LLC ("Plaintiff') amended complaint

4  as follows:

5    Answering paragraph 1, Mr. Hubbard lacks information sufficient to form a

6  belief as to the allegations contained therein, and on that basis denies each and every

7  allegation;

8    Answering paragraph 2, Mr. Hubbard lacks information sufficient to form a

9  belief as to the allegations contained therein, and on that basis denies each and every

10 allegation;

11   Answering paragraph 3, Mr. Hubbard denies the allegations of the current

12 location of Mr. Hubbard and his businesses, but admits that Mr. Hubbard is involved

13 in the manufacture and sale of a beverage that bears the words Pur and Pom. Mr.

14 Hubbard denies any remaining allegations.

15   Answering paragraph 4, Mr. Hubbard admits that Portland Bottling is located

16 at 1321 NE Couch St. Portland, OR 97232. Mr. Hubbard admits that Portland

17 Bottling is a co-packer of beverages, and that Mr. Hubbard has paid Portland

18 Bottling to co-pack beverage. Mr. Hubbard denies any remaining allegations.

19   Answering paragraph 5, Mr. Hubbard lacks information sufficient to form a

20 belief as to the knowledge of the Plaintiff, or its intent to amend the Complaint, and

21 on that basis denies the allegations.

22   Answering paragraph 6, Mr. Hubbard denies each and every allegation

23 contained therein.

24   Answering paragraph 7, Mr. Hubbard denies that he conducts business and/or

25 distributes products in California. Mr. Hubbard denies each and every allegation

26 contained therein.

27   Answering paragraph 8, Mr. Hubbard denies that this Court has subject matter

28 jurisdiction.

1   Answering paragraph 9, Mr. Hubbard denies that the venue is proper in this
2   District, and deny the remaining factual allegations contained therein.

3   Answering paragraphs 10, Mr. Hubbard lacks information sufficient to form a
4   belief in regards to the Plaintiff's allegations, and on that basis, denies each and
5   every allegation.

6   Answering paragraphs 11, Mr. Hubbard lacks information sufficient to form a
7   belief in regards to the Plaintiff's allegations, and on that basis, denies each and
8   every allegation.

9   Answering paragraphs 12, Mr. Hubbard lacks information sufficient to form a
10  belief in regards to the Plaintiff's allegations, and on that basis, denies each and
11  every allegation.

12  Answering paragraph 13, Mr. Hubbard lacks information sufficient to form a
13  belief in regards to the Plaintiff's allegations, and on that basis, denies each and
14  every allegation.

15  Answering paragraph 14, Mr. Hubbard denies each and every allegation
16  therein.

17  Answering paragraph 15, Mr. Hubbard lacks information sufficient to form a
18  belief in regards to the Plaintiff's allegations, and on that basis, denies each and
19  every allegation.

20  Answering paragraph 16, Mr. Hubbard lacks information sufficient to form a
21  belief in regards to the Plaintiff's allegations, and on that basis, denies each and
22  every allegation.

23  Answering paragraph 17, Mr. Hubbard lacks information sufficient to form a
24  belief in regards to the Plaintiff's allegations, and on that basis, denies each and
25  every allegation.

26  Answering paragraph 18, Mr. Hubbard denies each and every allegation
27  contained therein.

28  Answering paragraph 19, Mr. Hubbard denies each and every allegation

1  contained therein.

2        Answering paragraph 20, Mr. Hubbard lacks information sufficient to form a
3  belief in regards to the Plaintiff's allegations, and on that basis, denies each and
4  every allegation.

5        Answering paragraph 21, Mr. Hubbard lacks information sufficient to form a
6  belief in regards to the Plaintiffs allegations, and on that basis, denies each and
7  every allegation.

8        Answering paragraph 22, Mr. Hubbard lacks information sufficient to form a
9  belief in regards to the Plaintiffs allegations, and on that basis, denies each and
10 every allegation.

11       Answering paragraph 23, Mr. Hubbard lacks information sufficient to form a
12 belief in regards to the Plaintiffs allegations, and on that basis, denies each and
13 every allegation.

14       Answering paragraph 24, Mr. Hubbard lacks information sufficient to form a
15 belief in regards to the Plaintiffs allegations, and on that basis, denies each and
16 every allegation.

17       Answering paragraph 25, Mr. Hubbard lacks information sufficient to form a
18 belief in regards to the Plaintiffs allegations, and on that basis, denies each and
19 every allegation.

20       Answering paragraph 26, Mr. Hubbard lacks information sufficient to form a
21 belief in regards to the Plaintiffs allegations, and on that basis, denies each and
22 every allegation.

23       Answering paragraph 27, Mr. Hubbard lacks information sufficient to form a
24 belief in regards to the Plaintiff's allegations, and on that basis, denies each and
25 every allegation.

26       Answering paragraph 28, Mr. Hubbard lacks information sufficient to form a
27 belief in regards to the Plaintiffs allegations, and on that basis, denies each and
28 every allegation.

Answering paragraph 29, Mr. Hubbard lacks information sufficient to form a belief in regards to the Plaintiffs allegations, and on that basis, denies each and every allegation.

Answering paragraphs 30, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 31, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 32, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 33, Mr. Hubbard admits manufacturing and selling a beverage bearing the words Pur and Pom and that Exhibit D is a photocopy of an image of the beverage, but deny that the drink is considered an energy drink, and denies all remaining allegations.

Answering paragraphs 34, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 35, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 36, Mr. Hubbard lacks information sufficient to form a belief in regards to the Plaintiff's allegations, and on that basis, denies each and every allegation.

Answering paragraph 37, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 38, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 39, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 40, Mr. Hubbard denies each and every allegation contained therein.

1    Answering paragraph 41, Mr. Hubbard denies each and every allegation
2  contained therein.

3    Answering paragraph 42, Mr. Hubbard denies each and every allegation
4  contained therein.

5    Answering paragraph 43, Mr. Hubbard denies each and every allegation
6  contained therein.

7    Answering paragraph 44, Mr. Hubbard denies each and every allegation
8  contained therein.

9    Answering paragraph 45, Mr. Hubbard denies each and every allegation
10  contained therein.

11    Answering paragraph 46, Mr. Hubbard repeats its responses to paragraphs 1-
12  45 as though set forth here in full.

13    Answering paragraph 47, Mr. Hubbard denies each and every allegation
14  contained therein.

15    Answering paragraph 48, Mr. Hubbard denies each and every allegation
16  contained therein.

17    Answering paragraph 49, Mr. Hubbard denies each and every allegation
18  contained therein.

19    Answering paragraph 50, Mr. Hubbard denies each and every allegation
20  contained therein.

21    Answering paragraph 51, Mr. Hubbard denies each and every allegation
22  contained therein.

23    Answering paragraph 52, Mr. Hubbard denies each and every allegation
24  contained therein.

25    Answering paragraph 53, Mr. Hubbard denies each and every allegation
26  contained therein.

27    Answering paragraph 54, Mr. Hubbard denies each and every allegation
28  contained therein.

Answering paragraph 55, Mr. Hubbard repeats its responses to paragraphs 1 through 54 as though set forth here in full.

Answering paragraph 56, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 57, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 58, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 59, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 60, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 61, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 62, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 63, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 64, Mr. Hubbard repeats its responses to paragraphs 1 through 63 as though set forth here in full.

Answering paragraph 65, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 66, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 67, Mr. Hubbard denies each and every allegation contained therein.

Answering paragraph 68, Mr. Hubbard denies each and every allegation

1 | contained therein.

2 |       Answering paragraph 69, Mr. Hubbard denies each and every allegation
3 | contained therein.

4 |       Answering paragraph 70, Mr. Hubbard denies each and every allegation
5 | contained therein.

6 |       Answering paragraph 71, Mr. Hubbard denies each and every allegation
7 | contained therein.

8 |       Answering paragraph 72, Mr. Hubbard repeats his responses to paragraphs 1
9 | through 71 as though set forth here in full.

10 |       Answering paragraph 73, Mr. Hubbard denies each and every allegation
11 | contained therein.

12 |       Answering paragraph 74, Mr. Hubbard denies each and every allegation
13 | contained therein.

14 |       Answering paragraph 75, Mr. Hubbard denies each and every allegation
15 | contained therein.

16 |       Answering paragraph 76, Mr. Hubbard denies each and every allegation
17 | contained therein.

18 |       Answering paragraph 77, Mr. Hubbard denies each and every allegation
19 | contained therein.

20 |       Answering paragraph 78, Mr. Hubbard denies each and every allegation
21 | contained therein.

22 |       Answering paragraph 79, Mr. Hubbard denies each and every allegation
23 | contained therein.

24 |

25 | **AFFIRMATIVE DEFENSES**

26 |       Mr. Hubbard sets forth below his affirmative defenses. By setting forth these
27 | affirmative defenses, Mr. Hubbard does not assume the burden of proving any fact,
28 | issue, or elements of a cause of action where such burden properly belongs to

DEFENDANT'S    ANSWER    TO    SECOND    AMENDED
COMPLAINT AND COUNTERCLAIM              7
Case No. 13-CV-06917 RGK (JPRx)

Plaintiff. Moreover, nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject matter necessarily is relevant to Plaintiff's allegations.

## FIRST AFFIMATIVE DEFENSE
### (Failure To State A Cause Of Action)

Each cause of action in the Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Equitable Defenses)

Plaintiff's claims against Mr. Hubbard are barred, in whole or in part, by the doctrines of laches, unclean hands, estoppel, and waiver.

## THIRD AFFIRMATIVE DEFENSE
### (First Amendment Rights)

The Complaint, and each cause of action therein, is barred to the extent that the conduct complained of is protected by the free speech provisions of the United States constitutions, as well as each respective individual States constitutions.

## FOURTH AFFIRMATIVE DEFENSE
### (Good Faith)

Each cause of action is barred, in whole or in part, because Mr. Hubbard acted in good faith at all times.

## FIFTH AFFIRMATIVE DEFENSE
### (Lack of Intent)

Plaintiff's claims based on alleged willful misrepresentations are barred because the representations and actions alleged were not intended to mislead or deceive consumers.

## SIXTH AFFIRMATIVE DEFENSE
### (Puffing)

Plaintiff's claims for false advertising are barred because the alleged deceptive

1  statements were such that no reasonable person could have reasonably relied upon

2  or misunderstood Mr. Hubbard's statements as claims of fact.

3  ### SEVENTH AFFIRMATIVE DEFENSE

4  ### (Unconstitutionality of Monetary Relief)

5  An award of monetary relief, other than restitution, to Claimant under

6  California's Business and Professions Code Sections 17200 et seq, including but not

7  limited to penalties of any type, would violate the due process provisions of the

8  United States and all other respective states' constitutions, including but not limited

9  to California.

10  ### EIGHTH AFFIRMATIVE DEFENSE

11  ### (Causation is Lacking)

12  Each cause of action is barred, in whole or in part, because Plaintiff has not

13  sustained any injury or damage by reason of any material act of omission on Mr.

14  Hubbard's part.

15  ### NINTH AFFIRMATIVE DEFENSE

16  ### (Materiality is Lacking)

17  Each cause of action is barred, in whole or in part, because Plaintiff has not

18  sustained any injury or damage by reason of any material act or omission on Mr.

19  Hubbard's part.

20  ### TENTH AFFIRMATIVE DEFENSE

21  ### (Lack of Reliance)

22  Plaintiff's claims are barred, in whole or in part, because of the lack o reliance

23  by consumers on the alleged misrepresentations by Mr. Hubbard identified in the

24  Complaint.

25  ### ELEVENTH AFFIRMATIVE DEFENSE

26  ### (Lack of Awareness)

27  Plaintiff's claims are barred, in whole or in part, because consumers lacked

28  awareness of the alleged misrepresentations by Mr. Hubbard described in the

Complaint.

## TWELFTH AFFIRMATIVE DEFENSE
### (Conduct Not Unlawful)

The business practices relating to the allegations in the Claim are not unlawful.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Conduct Not Fraudulent Nor Likely To Deceive)

Mr. Hubbard's conduct is not fraudulent and was not likely to mislead or deceive consumers and/or the public.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Lack of Materiality)

Plaintiff's claims based on alleged misrepresentations are barred because the representations alleged by Plaintiff were not material in that, in light of information commonly known to consumers, they were not likely to affect their purchasing decisions. Mr. Hubbard's representations and actions alleged in the Complaint were not likely to mislead consumers acting reasonably under the circumstances.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

Plaintiff lacks either standing and/or capacity to bring some or all of the claims alleged in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Negligence and/or Misconduct of Others)

If there was any negligence and/or other misconduct proximately causing the damages allegedly sustained by Plaintiff, such negligence and/or other misconduct was that of parties other than Mr. Hubbard, and recovery should be barred or eliminated to that extent.

/ / /

/ / /

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

Plaintiff's claims for equitable relief are barred to the extent there is an adequate remedy at law.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (No Right to Injunctive Relief)

To the extent the Complaint seeks injunctive relief, Plaintiff is not entitled to such relief because the hardship that would be imposed on Mr. Hubbard by any such relief would be greatly disproportionate to any hardship that Plaintiff might suffer in its absence. Further, any injunctive relief that would require regulation by the Court on an ongoing basis is inappropriate, and Mr. Hubbard's advertising, marketing, and trademark activities are already monitored by various federal and state agencies

## NINETEENTH AFFIRMATIVE DEFENSE
### (No Right to Punitive or Exemplary Damages)

Plaintiff is not entitled to punitive or exemplary damages on any cause of action alleged in the Complaint. Any award of punitive or exemplary damages would violate the due process and/or equal protection clauses of the California and Unites States constitutions, as well as all other respective states.

## TWENTIETH AFFIRMATIVE DEFENSE
### (No Right to Restitution)

While denying that Plaintiff has stated a valid claim or claims under California Business and Professions Codes Sections 17200 et seq., if such claims are found to exist, an order for restitution is barred to the extent that Plaintiff did not pay monies directly to Mr. Hubbard. See, e.g., Korea Supply Co. V. Lockheed Martin Corp.,  29 Cal. 4th 1134 (2003).

/ / /

/ / /

/ / /

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Attorneys' Fees)

Plaintiff's request for attorneys' fees in this matter is barred because it lacks any basis in law or contract.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiff's claims are barred to the extent Plaintiff would be unjustly enriched if allowed to recover any monies claimed to be due in the Complaint.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Damages Caused By Other Causes)

To the extent that Plaintiff suffered any damages, such damages were proximately caused by persons, entities, and/or factors or events other than Mr. Hubbard and for which Mr. Hubbard was and is not responsible.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Without admitting any wrongful conduct on the part of Mr. Hubbard, and without admitting that Plaintiff has suffered any loss, damage or injury, recovery for any such loss, damage, or injury is barred, in whole or in part, because Plaintiff failed to mitigate such loss, damage, or injury.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Lack of Damage)

Plaintiff has not suffered any damage as a result of any actions allegedly taken by Mr. Hubbard, and are thus barred from asserting any claims against Mr. Hubbard.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Justifications/Excuse)

Mr. Hubbard's alleged actions, at all relevant times and places, were necessary to the competitive operation of its business, and Plaintiffs alleged injury,

if any, is outweighed by the benefit to the public of Mr. Hubbard's actions.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's claims are barred by the applicable statutes of limitations, i applicable to the various claims pled.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Set-off)

Mr. Hubbard alleges that, even if Plaintiff's claims are meritorious, which Mr. Hubbard denies, those claims are subject to setoff and recoupment.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Federal Preemption)

Plaintiff's claims are expressly and impliedly preempted by federal law, including but not limited to, the laws enforced by the FTC, USPTO, and The Food, Drug and Cosmetic Act.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Safe Harbor)

Plaintiff's state law claims are barred by California's safe harbor doctrine because Mr. Hubbard's alleged actions, at all relevant times and places, were in compliance with applicable law.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Primary/Exclusive Jurisdiction)

Plaintiff's claims are barred by the doctrines of primary and/or exclusive regulatory agency jurisdiction.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Compliance with Laws)

Plaintiff's claims are barred because the conduct alleged in the Complaint complies with applicable laws, including but not limited to Food and Drug Administration regulations, The Federal Trade Commission, Trademark and

copyright laws of the United States, and The Food, Drug, and Cosmetic Act.

## THIRTY-THIRD AFFIRMATIVE DEFENSE
### (Uncertain/Unmanageable Damages)

Plaintiff's requested monetary relief is too speculative and/or remote and/or impossible to prove and/or allocate.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff's claims against Mr. Hubbard are barred, in whole or in part, due to unclean hands. Plaintiff has engaged in naming, labeling, marketing and advertising conduct designed to deceive consumers about its products. Thus, Plaintiff is seeking to capitalize in this case on the fruits of its own misconduct in the form of misleading labeling and advertising.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE
### (Reservations)

Further responding, Mr. Hubbard states that it currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Mr. Hubbard reserves the right to assert additional affirmative defenses in the even that discovery indicates it would be appropriate.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE
### (Fraud)

Plaintiff's claims in regards to Trademark Infringement are barred, if the trademarks claimed were obtained by Plaintiff knowingly making a false representation to the U.S. Patent and Trademark Office (USPTO) regarding a material fact, or else willfully withheld material information, and the USPTO would not have issued the registration but for its reliance on the false representation.

/ / /

/ / /

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Misuse of Trademark)

Plaintiff's claims are barred, if Plaintiffs have used the mark(s) in violation of any State of Federal Laws.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Acquiescence)

Plaintiff's claims are barred, if Plaintiffs have previously failed to tak action against infringing parties, or otherwise indicating, implicitly or explicitly, that nothing will be done about the infringing action.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Fair Use)

Plaintiff's claims are barred, in whole or in part, due to fair use. Any use of the alleged owned mark(s), was used in a way that is descriptive of Mr. Hubbard's product and the taste therein. The use of the descriptive name of "Pom", in describing the flavor "pomegranate", was not used as a copyright or trademark, and was used in good faith, barring any and all claims.

## FOURTIETH AFFIRMATIVE DEFENSE

### (Genericness)

Plaintiff's claims are barred, in whole or in part, because the Plaintiff's marks are generic. The Plaintiff's mark, which has allegedly been infringed, is a mark that describes the entire category or genus of their product(s) that the mark is supposed to distinguish, and thus cannot receive protection under the law. Generic marks are either generic from the outset, or become generic after they become part of the common descriptive name of a category or genus of products.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Abandonment of a Mark)

Plaintiff's claims are barred, in whole or in part, if the Plaintiffs have abandoned the mark. Abandonment occurs when the trademark owner stops using

the mark with no intention to resume using it. Use of a mark in this context means the bona fide use of the mark made in the ordinary course of trade, and not made merely to reserve a right in a mark. Nonuse is prima facie evidence of abandonment. Furthermore, any failure to police and enforce a mark can lead to abandonment if the trademark owner is deemed to have impliedly consented to confusingly similar uses of the mark. If abandonment occurs, all rights in the mark cease.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Genericide)

Plaintiff's claims are barred in whole or in part, because of their mark becoming genericide.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (No Likelihood of Confusion)

Plaintiff's claims are barred, in whole or in part, because there is no likelihood of confusion between the Plaintiff's marks, and Mr. Hubbard's product Pur Pom.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Monopoly)

Plaintiff's claims are barred, in whole or in part, because allowing them to stake claim to the letters "Pom", would in essence allow them to claim a monopoly on the letters "Pom", no matter how used. Plaintiffs have an extensive track record of filing similar lawsuits against companies using the three letters in sequence, for instance, Plaintiffs are currently litigating against a company with a product called "pompis". Clearly this is just another example of Plaintiffs attempts to gain a monopoly on the word "pom".

## COUNTERCLAIM

Counterclaimant Robert G. Hubbard ("Counterclaimant"), for its Counterclaim against Counterdefendants POM WONDERFUL LLC, a Delaware limited liability company ("PWL"), THE WONDERFUL COMPANY LLC, a

Delaware limited liability company ("TWC") (PWL and TWC are collectively referred to hereinafter as "Counterdefendant"), alleges as follows:

## PARTIES

1.     Counterclaimant is an individual doing business as Pur Beverage.

2.     Counterclaimant is informed and believes, and thereon alleges, that Counterdefendant POM WONDERFUL LLC, is a limited liability company organized under the laws of the State of Delaware.

3.     Counterclaimant is informed and believes, and thereon alleges, that Counterdefendant THE WONDERFUL COMPANY LLC, is a limited liability company organized under the laws of the State of Delaware.

## JURISDICTION

3.     Subject matter jurisdiction in this Court is proper pursuant to 28 U.S.C. Sections 1331, 1338(a), and 2201.

4.     Plaintiff/Counterdefendant has consented to the personal jurisdiction of this Court, and venue is proper for the Counterclaim under 28 U.S.C. Section 1391.

## FIRST COUNTERCLAIM
## UNFAIR COMPETITION IN VIOLATION OF THE COMMON LAW

5.     As a separate claim for relief, Counterclaimant alleges that Counterdefendant has and is engaged in acts constituting willful and deliberate unfair competition in violation of the common law.

6.     Counterdefendant intentionally brings claims against Counterclaimant that Counterdefendant knows to be false.  Counterdefendant knows that the purported trademark rights asserted by Counterdefendant in the underlying complaint in this action are not enforceable on grounds of fraud, abandonment, and genericism.  Despite knowing that the purported trademark rights are not enforceable, Counterdefendant proceeds with this lawsuit in an effort to inhibit competition and prevent market participants, including Counterclaimant, from

1  completely fairly in the marketplace.

2      7.    As a result of the above actions, Counterdefendant has suffered

3  damages in the form of lost sales and lost opportunities.

4      8.    Despite Counterdefendant's claimant's priority, in an effort to flex its

5  economically superior position, Counterdefendant refused to resolve the matter

6  amicably through measures that would permit the parties to co-exist and avoid

7  confusion.  Instead, in total disregard for Counterclaimant's superior rights,

8  Counterdefendant took actions to create confusion, including, among other things,

9  creating a false email address intended to intercept emails that Counterdefendant

10 knew were intended for Counterclaimant.  Counterdefendant's actions were willful

11 and deliberate and undertaken with the intent to cause confusion.

12     9.    Counterdefendant has continued to proceed with the lawsuit despite

13 knowledge that the claims are without merit.  Counterdefendant has engaged in this

14 unlawful activity in bad faith with a willful, deliberate and malicious intent to

15 impede competition by both marketplace participants and Counterclaimant, and to

16 injure the purchasing public, marketplace participants and Counterclaimant.

17     10.   The aforesaid acts of Counterdefendant constitute willful and deliberate

18 unfair competition under the common law of California.

19     11.   Counterdefendant's acts of unfair competition have caused

20 Counterclaimant irreparable injury, loss of reputation, and pecuniary damages.

21 Unless enjoined by this Court, Counterdefendant will continue said unlawful acts of

22 willful and deliberate unfair competition to Counterclaimant's immediate and

23 irreparable damage.

24                    **SECOND COUNTERCLAIM**

25 **UNFAIR COMPETITION IN VIOLATION OF THE STATUTORY LAWS**

26                    **OF THE STATE OF CALIFORNIA**

27     12.   Paragraphs 1 through 11 of this Counterclaim are incorporated by

28 reference as a part of this claim.

13.     As a separate claim for relief, Counterclaimant alleges that Counterdefendant has and is engaged in acts constituting unfair competition within the meaning of Cal. Bus. & Prof. Code § 17200.

14.     The aforesaid acts of Counterdefendant constitute unfair competition in violation of California state law under Cal. Bus. & Prof. Code § 17200.

15.     Counterdefendant's acts of unfair competition have caused Counterclaimant irreparable injury, loss of reputation and pecuniary damages. Unless enjoined by this court, Counterdefendant will continue said acts of unfair competition to Counterclaimant's immediate and irreparable damage.

### THIRD COUNTERCLAIM

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT

16.     Paragraphs 1 through 15 of this Counterclaim are incorporated by reference as a part of this claim.

17.     Counterdefendant asserts trademark rights in one or more registered trademarks that Counterdefendant knows to be unenforceable and/or not infringed by Counterclaimant.

18.     Counterclaimant submits that consumers are not likely to be misled, deceived and/or confused by the simultaneous uses of Counterclaimant and Counterdefendant in connection with their various products.

19.     Counterclaimant submits that Counterdefendant suit for trademark infringement is without basis and seeks a declaration that there is no likelihood of confusion.

20.     Counterclaimant statements and conduct demonstrate that an actual case or controversy exists between the parties hereto regarding the asserted infringement. By reason thereof, Counterclaimant is entitled to a binding declaration clarifying the parties' rights and declaring that Counterclaimant use does not infringe any right Counterdefendant may have.

21.     Counterclaimant submits that the case is an exceptional case such that

1  Counterclaimant is entitled to an award of damages, both actual and statutory, and

2  attorney fees.

3

4  **FOURTH COUNTERCLAIM**

5  **INTENTIONAL INTERFENCE WITH CONTRACTUAL RELATIONS**

6      22.    Paragraphs 1 through 21 of this Counterclaim are incorporated by

7  reference as a part of this claim.

8      23.    Counterclaimant had established relationships with numerous

9  customers for the purpose of selling Counterclaimant's products to the substantial

10  benefit of Counterclaimant.

11      24.    Counterdefendant knew of Counterclaimant's business relationships

12  and customers. Despite this, Counterdefendant wrongfully interfered with

13  Counterclaimant's customers.

14      25.    Counterdefendants' conduct was designed to disrupt the business

15  relationships between Counterclaimant and Counterclaimant's customers.

16  Counterdefendant engaged in this conduct with the knowledge and intent to interfere

17  with Counterclaimant's business relationship with these customers and to interfere

18  with Counterclaimant's prospective advantage with these customers.

19      26.    As a proximate result of said intentional conduct, Counterclaimant has

20  suffered damages in an amount to be proven at trial, but in excess of the

21  jurisdictional minimum of this court.

22      27.    Counterdefendants' intentional conduct, was willful, oppressive and

23  malicious and therefore Counterclaimant are entitled to punitive damages.

24      28.    Unless restrained, Counterdefendant will continue to unlawfully disrupt

25  the business relationships between Counterclaimant and Counterclaimant's

26  customers to great and irreparable injury, for which damages would not afford

27  adequate relief.  Damages would not completely compensate for the disruption of

28  Counterclaimant's business and injury to its customers relationships, business

reputations and goodwill resulting therefrom. As a result, an injunction prohibiting Counterdefendant from further unlawful interference with Counterclaimant current and prospective customers is necessary to provide Counterclaimant with complete relief.

## FIFTH COUNTERCLAIM
## INTENTIONAL INTERFENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

29.     Counterclaimant hereby realleges and incorporate herein by reference the above paragraphs 1 through 28 inclusive, as set forth above.

29.     Counterclaimant had established relationships with numerous customers for the purpose of selling Counterclaimant's products to the substantial benefit of Counterclaimant.  Counterclaimant also had an expectation of future relations both scheduled and unscheduled.

30.     Counterdefendant knew of Counterclaimant business relationships and customer appointments with respect to these customers. Despite this, Counterdefendant intentionally disclosed Counterclaimant confidential and proprietary information to a third party with the intention of wrongfully interfering with Counterclaimant's customers.

31.     Counterdefendants' conduct was designed to disrupt the business relationships between Counterclaimant and Counterclaimant's customers. Counterdefendant engaged in this conduct with the knowledge and intent to interfere with Counterclaimant's business relationship with these customers and to interfere with Counterclaimant's prospective advantage with these customers.

32.     As a proximate result of said intentional conduct, Counterclaimant has suffered damages in an amount to be proven at trial.

33.     Counterdefendant's intentional conduct, was willful, oppressive and malicious and therefore Counterclaimant is entitled to punitive damages.

34.     Unless restrained, Counterdefendant will continue to unlawfully disrupt the business relationships between Counterclaimant and Counterclaimant's customers to great and irreparable injury, for which damages would not afford adequate relief.  Damages would not completely compensate for the disruption of Counterclaimant's business and injury to its customers relationships, business reputations and goodwill resulting therefrom. As a result, an injunction prohibiting Counterdefendant from further unlawful interference with Counterclaimant current and prospective customers is necessary to provide Counterclaimant with complete relief.

## SIXTH COUNTERCLAIM
## CANCELATION OF TRADEMARK REGISTRATIONS

35.     Counterclaimant hereby realleges and incorporate herein by reference the above paragraphs 1 through 34 inclusive, as set forth above.

36.     Counterdefendant asserts various registered trademarks against Counterclaimant in the underlying complaint.

37.     Counterclaimant asserts that each of the registrations that Counterdefendant asserts are subject to cancellation.

38.     Counterclaimant seeks an order from the Court that each of the asserted registrations are to be cancelled by the U.S. Patent and Trademark Office.

**WHEREFORE**, Counterclaimant prays for judgment against Counterdefendant as follows:

(1)     That Plaintiff take nothing by way of his Complaint;

(2)     That the Complaint be dismissed with prejudice and judgment entered in favor of Defendant;

(3)     That Defendant be awarded his costs, disbursements and attorneys' fees in this action; and

1    (4)    That Defendant be awarded such other and further relief as this Court

2 deems just and proper.

3    (5)    That Counterdefendant account and pay to Counterclaimant damages in

4 an amount sufficient to fairly compensate Counterclaimant for the injury sustained

5 in an amount in excess of the jurisdictional limits of this court;

6    (2)    That Counterdefendant be ordered to pay to Counterclaimant the costs

7 of this action and Counterclaimant's attorneys' fees.

8    (3)    That Counterclaimant be granted such other, further, different or

9 additional relief as this court deems equitable and proper.

10

11 Dated:  February 13, 2016            McCLOSKEY, WARING & WAISMAN LLP

12

13                                     By: /s/Heather L. McCloskey
                                          Heather L. McCloskey
14                                        Attorneys for Defendant and
                                          Counterclaimant ROBERT G. HUBBARD

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### **DEMAND FOR JURY TRIAL**

2      Pursuant to Fed. R. Civ. P. 38(b), Mr. Hubbard demands a trial by jury of all

3  triable issues and affirmative defenses herein.

4

5  Dated:  February 13, 2016                    McCLOSKEY, WARING & WAISMAN LLP

6

7                                       By: /s/Heather L. McCloskey
                                              Heather L. McCloskey
8                                             Attorneys for Defendant and
                                              Counterclaimant ROBERT G. HUBBARD

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28