1  Brian P. Kinder (212332)
   THE KINDER LAW GROUP, APC
2  19200 Von Karman Avenue, Fourth Floor
   Irvine, California 92612
3  Telephone:  (949) 216-3070
   Facsimile:  (949) 216-3074
4  Email:      bkinder@tklglaw.com

5  Attorneys for Defendant/Counterclaimant

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| POM WONDERFUL LLC, a Delaware limited liability company, THE WONDERFUL COMPANY LLC, a Delaware limited liability company<br><br>Plaintiffs,<br><br>vs.<br><br>ROBERT G. HUBBARD d/b/a PUR BEVERAGES, PORTLAND BOTTLING COMPANY and Oregonian company, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: CV13-06917-RGK(JPRx)<br><br>**COUNTERCLAIM**<br><br>**DEMAND FOR TRIAL BY JURY** |
| ROBERT G. HUBBARD d/b/a PUR BEVERAGES,<br><br>Counterclaimant,<br><br>vs.<br><br>POM WONDERFUL LLC, a Delaware limited liability company, THE WONDERFUL COMPANY LLC, a Delaware limited liability company,<br><br>Counterdefendants. | |

COUNTERCLAIM
Case No. 13-CV-06917 RGK (JPRx)

Counterclaimant Robert G. Hubbard ("Counterclaimant"), for its Counterclaim against Counterdefendants POM WONDERFUL LLC, a Delaware limited liability company ("PWL"), THE WONDERFUL COMPANY LLC, a Delaware limited liability company ("TWC") (PWL and TWC are collectively referred to hereinafter as "Counterdefendant"), alleges as follows:

## PARTIES

1. Counterclaimant is an individual doing business as Pur Beverage.

2. Counterclaimant is informed and believes, and thereon alleges, that Counterdefendant POM WONDERFUL LLC, is a limited liability company organized under the laws of the State of Delaware.

3. Counterclaimant is informed and believes, and thereon alleges, that Counterdefendant THE WONDERFUL COMPANY LLC, is a limited liability company organized under the laws of the State of Delaware.

## JURISDICTION

4. Subject matter jurisdiction in this Court is proper pursuant to 28 U.S.C. Sections 1331, 1338(a), and 2201.

5. Plaintiff/Counterdefendant has consented to the personal jurisdiction of this Court, and venue is proper for the Counterclaim under 28 U.S.C. Section 1391.

## FIRST COUNTERCLAIM
## UNFAIR COMPETITION IN VIOLATION OF THE COMMON LAW

6. As a separate claim for relief, Counterclaimant alleges that Counterdefendant has and is engaged in acts constituting willful and deliberate unfair competition in violation of the common law.

7. Counterdefendant intentionally brings claims against Counterclaimant that Counterdefendant knows to be false and frivolous. Counterdefendant knows that the purported trademark rights asserted by Counterdefendant in the underlying

complaint in this action are not enforceable on grounds of fraud, abandonment, and genericism. Despite knowing that the purported trademark rights are not enforceable, Counterdefendant proceeds with this lawsuit in an effort to inhibit competition and prevent market participants, including Counterclaimant, from competing fairly in the marketplace.

8. As a result of the above actions, Counterdefendant has suffered damages in the form of lost sales and lost opportunities.

9. Counterdefendant has continued to proceed with the lawsuit despite knowledge that the claims are without merit. Counterdefendant has engaged in this unlawful activity in bad faith with a willful, deliberate and malicious intent to impede competition by both marketplace participants and Counterclaimant, and to injure the purchasing public, marketplace participants and Counterclaimant.

10. The aforesaid acts of Counterdefendant constitute willful and deliberate unfair competition under the common law of California.

11. Counterdefendant's acts of unfair competition have caused Counterclaimant irreparable injury, loss of reputation, and pecuniary damages. Unless enjoined by this Court, Counterdefendant will continue said unlawful acts of willful and deliberate unfair competition to Counterclaimant's immediate and irreparable damage.

## SECOND COUNTERCLAIM
## UNFAIR COMPETITION IN VIOLATION OF THE STATUTORY LAWS OF THE STATE OF CALIFORNIA

12. Paragraphs 1 through 11 of this Counterclaim are incorporated by reference as a part of this claim.

13. As a separate claim for relief, Counterclaimant alleges that Counterdefendant has and is engaged in acts constituting unfair competition within the meaning of Cal. Bus. & Prof. Code § 17200.

14. The aforesaid acts of Counterdefendant constitute unfair competition in violation of California state law under Cal. Bus. & Prof. Code § 17200.

15. Counterdefendant's acts of unfair competition have caused Counterclaimant irreparable injury, loss of reputation and pecuniary damages. Unless enjoined by this court, Counterdefendant will continue said acts of unfair competition to Counterclaimant's immediate and irreparable damage.

## THIRD COUNTERCLAIM
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

16. Paragraphs 1 through 15 of this Counterclaim are incorporated by reference as a part of this claim.

17. Counterdefendant asserts trademark rights in one or more trademarks that Counterdefendant knows to be unenforceable and/or not infringed by Counterclaimant.

18. Counterclaimant submits that consumers are not likely to be misled, deceived and/or confused by the simultaneous uses of Counterclaimant and Counterdefendant in connection with their various products.

19. Counterclaimant submits that Counterdefendant suit for trademark infringement is without basis and seeks a declaration that there is no likelihood of confusion.

20. Counterclaimant statements and conduct demonstrate that an actual case or controversy exists between the parties hereto regarding the asserted infringement. By reason thereof, Counterclaimant is entitled to a binding declaration clarifying the parties' rights and declaring that Counterclaimant use does not infringe any right Counterdefendant may have.

21. Counterclaimant submits that the case is an exceptional case such that Counterclaimant is entitled to an award of damages, both actual and statutory, and attorney fees.

## FOURTH COUNTERCLAIM
## INTENTIONAL INTERFENCE WITH CONTRACTUAL RELATIONS

22. Paragraphs 1 through 21 of this Counterclaim are incorporated by reference as a part of this claim.

23. Counterclaimant had established relationships with numerous customers for the purpose of selling Counterclaimant's products to the substantial benefit of Counterclaimant.

24. Counterdefendant knew of Counterclaimant's business relationships and customers. Despite this, Counterdefendant wrongfully interfered with Counterclaimant's customers.

25. Counterdefendants' conduct was designed to disrupt the business relationships between Counterclaimant and Counterclaimant's customers. Counterdefendant engaged in this conduct with the knowledge and intent to interfere with Counterclaimant's business relationship with these customers and to interfere with Counterclaimant's prospective advantage with these customers.

26. As a proximate result of said intentional conduct, Counterclaimant has suffered damages in an amount to be proven at trial, but in excess of the jurisdictional minimum of this court.

27. Counterdefendants' intentional conduct, was willful, oppressive and malicious and therefore Counterclaimant are entitled to punitive damages.

28. Unless restrained, Counterdefendant will continue to unlawfully disrupt the business relationships between Counterclaimant and Counterclaimant's customers to great and irreparable injury, for which damages would not afford adequate relief. Damages would not completely compensate for the disruption of Counterclaimant's business and injury to its customers relationships, business reputations and goodwill resulting therefrom. As a result, an injunction prohibiting Counterdefendant from further unlawful interference with Counterclaimant current

and prospective customers is necessary to provide Counterclaimant with complete relief.

## FIFTH COUNTERCLAIM
## INTENTIONAL INTERFENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

29. Counterclaimant hereby realleges and incorporate herein by reference the above paragraphs 1 through 28 inclusive, as set forth above.

30. Counterclaimant had established relationships with numerous customers for the purpose of selling Counterclaimant's products to the substantial benefit of Counterclaimant. Counterclaimant also had an expectation of future relations both scheduled and unscheduled.

31. Counterdefendant knew of Counterclaimant business relationships and customer appointments with respect to these customers. Despite this, Counterdefendant intentionally disclosed Counterclaimant confidential and proprietary information to a third party with the intention of wrongfully interfering with Counterclaimant's customers.

32. Counterdefendants' conduct was designed to disrupt the business relationships between Counterclaimant and Counterclaimant's customers. Counterdefendant engaged in this conduct with the knowledge and intent to interfere with Counterclaimant's business relationship with these customers and to interfere with Counterclaimant's prospective advantage with these customers.

33. As a proximate result of said intentional conduct, Counterclaimant has suffered damages in an amount to be proven at trial.

34. Counterdefendant's intentional conduct, was willful, oppressive and malicious and therefore Counterclaimant is entitled to punitive damages.

35. Unless restrained, Counterdefendant will continue to unlawfully disrupt the business relationships between Counterclaimant and Counterclaimant's

customers to great and irreparable injury, for which damages would not afford adequate relief. Damages would not completely compensate for the disruption of Counterclaimant's business and injury to its customers relationships, business reputations and goodwill resulting therefrom. As a result, an injunction prohibiting Counterdefendant from further unlawful interference with Counterclaimant current and prospective customers is necessary to provide Counterclaimant with complete relief.

## SIXTH COUNTERCLAIM
## CANCELATION OF TRADEMARK REGISTRATIONS

36. Counterclaimant hereby realleges and incorporate herein by reference the above paragraphs 1 through 34 inclusive, as set forth above.

37. Counterdefendant asserts various registered trademarks against Counterclaimant in the underlying complaint.

38. Counterclaimant asserts that each of the registrations that Counterdefendant asserts are subject to cancellation.

39. Counterclaimant seeks an order from the Court that each of the asserted registrations are to be cancelled by the U.S. Patent and Trademark Office.

**WHEREFORE**, Counterclaimant prays for judgment against Counterdefendant as follows:

(1) That Counterdefendant account and pay to Counterclaimant damages in an amount sufficient to fairly compensate Counterclaimant for the injury sustained in an amount in excess of the jurisdictional limits of this court;

(2) That Counterdefendant be ordered to pay to Counterclaimant the costs of this action and Counterclaimant's attorneys' fees; and

/ / /

/ / /

/ / /

1  (3) That Counterclaimant be granted such other, further, different or
2  additional relief as this court deems equitable and proper.

3  Dated: February 16, 2016    THE KINDER LAW GROUP

5                              By: _____
                                Brian P. Kinder, Esq.
6                               THE KINDER LAW GROUP, APC
                                19200 Von Karman, Fourth Floor
7                               Irvine, California 92612
                                Telephone: (949) 216-3070
8                               Facsimile: (949) 216-3074
                                Email: bkinder@tklglaw.com
9                               Attorneys for Defendant and
                                Counterclaimant Robert Hubbard

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Mr. Hubbard demands a trial by jury of all triable issues and affirmative defenses herein.

Dated: February 16, 2016       THE KINDER LAW GROUP

By: *[signature]*
Brian P. Kinder, Esq.
THE KINDER LAW GROUP, APC
19200 Von Karman, Fourth Floor
Irvine, California 92612
Telephone: (949) 216-3070
Facsimile: (949) 216-3074
Email: bkinder@tklglaw.com
Attorneys for Defendant and Counterclaimant Robert Hubbard